THOMAS MURPHY *vs.* BOSTON, CLINTON AND FITCHBURG RAILROAD COMPANY.

Questions reported by a judge of the Superior Court, under the St. of 1869, c. 438, will not be determined by this court if they do not arise in any case, or if the decision of them will not be followed by any judgment.

A judge of the Superior Court reported a case before verdict, by consent of parties, under the St. of 1869, c. 438, for the determination of this court as to the following questions: "Has the plaintiff, upon the evidence set forth, a case for the jury in any form of action? If he has, can he maintain an action upon his present declaration? To what rule of damages is he entitled if he can maintain his present action?" It did not appear from the report that the defendant had waived any objection to the pleadings or that the plaintiff had been refused leave to amend. *Held*, that the report must be dismissed.

TORT for an assault upon the plaintiff by one of the defendants' servants and his ejection from their cars. Answer, a gen-

eral denial. Trial in the Superior Court, before *Pitman*, J., who made a report thereof, which set forth the plaintiff's declaration and testimony, and continued and concluded as follows:

"The defendants offered no evidence, contending that there was a variance between the plaintiff's evidence and his declaration; and, not admitting that any cause of action was shown against them, they claimed also that whatever remedy he might have, he had none in the present form of action. The defendants also contended that in no aspect of the case could they be held liable, except for the alleged assault and ejection; and that the consequential damages set forth in the plaintiff's declaration were inadmissible.

"By consent of the parties I withdrew the case from the jury, and now report it for the determination of the Supreme Judicial Court as to the following questions of law: 'Has the plaintiff, upon the evidence set forth, a case for the jury in any form of action? If he has, can he maintain an action upon his present declaration? To what rule of damages is he entitled if he can maintain his present action?'"

*H. J. Fuller*, for the plaintiff.

*G. A. Torrey*, for the defendant.

GRAY, J. By the St. of 1869, *c.* 438, "questions of law," "arising upon a trial or other proceeding before the Superior Court, may, by consent of the parties to the suit, be reported before verdict for the determination of the Supreme Judicial Court."

In order to give this court jurisdiction of a question reported under this statute, it must be a question arising in the case, and not a merely abstract or hypothetical question which may never arise; and it must be a question, an opinion upon which, at least if given one way, will take the form of a judgment determining rights of the parties. It is no part of the duty of this court, either upon a case stated by the parties, or upon the report of a judge of an inferior court, to answer questions which are merely speculative, or which, however they may be decided, will leave the whole case open. *Smith* v. *Cudworth*, 24 Pick. 196. *Capen* v. *Washington Ins. Co.* 12 Cush. 517.

In the report now before us, the first question reserved is not a question arising in this case, for the defendant had waived no objection to the form of action which was open to him under the pleadings, and the plaintiff could recover, if at all, only upon a declaration actually filed. And it does not appear by the terms of the report, or by any agreement of counsel, that a decision of the other questions reserved, either way, would be a final determination of the case or be followed by any judgment whatever. Indeed, the plaintiff's counsel at the argument avowed his intention, if this court should be of opinion that the action could not be maintained upon the present declaration, to move in the Superior Court for leave to file an amendment thereof. Such a motion would be addressed to the discretion of the presiding judge, the exercise of which could not be revised by this court upon exceptions or report, and should have been made and decided before bringing up the question whether the action could be maintained. *Payson* v. *Macomber*, 3 Allen, 69. *Hubner* v. *Hoffman*, 106 Mass. 346. *McCormick* v. *Carroll*, 103 Mass. 151.

*Report dismissed.*