SAMUEL J. NOBLE *vs.* CITY OF BOSTON.

Questions as to the admissibility of evidence, reported by a judge of the Superior Court, under the St. of 1869, c. 438, will not be considered by this court, if their determination involves no final result.

PETITION for a jury to assess the damages suffered by the plaintiff by reason of the defendants' taking, for the purpose of widening a street, the land and building held by him under a lease from William Sohier.

At the trial in the Superior Court, before *Putnam,* J., the plaintiff introduced evidence of the taking of the land and build-

ing; and that he had occupied the building as an apothecary's shop. He then offered evidence tending to show, as part of the damages suffered by him, that he had built up a large local business on that spot; that he could get no other shop in the neighborhood; that his removal had broken up the good will of his business, and had caused him considerable expense; and that the fixtures of his old shop were suited only for use there. It is unnecessary to state this evidence more particularly. The defend- ants objected to its admission, and the judge excluded it, and, by consent of parties, the case was taken from the jury, and " said questions of law " were reported for the determination of this court.

*J. B. Thayer,* for the plaintiff.

*J. P. Healy,* for the defendants.

WELLS, J. The St. of 1869, *c.* 438, was not intended to relieve the Superior Court of the responsibility of deciding upon all questions incident to the trial of issues in that court. Questions sometimes arise, early in the progress of a trial, or at its opening, upon which the whole right of recovery may depend; or which may render a proposed defence ineffectual. In such cases, if it appear to the presiding judge to be probable that the decision of those questions would terminate the controversy, and save the court and the parties from the necessity of a further trial of the facts, the statute enables him, in the exercise of his discretion, with the consent of the parties, to present such questions to the Supreme Judicial Court, by report before verdict. But it could not have been the intention of the Legislature to authorize the Superior Court to send up, by preliminary report, mere questions of the competency of evidence, or other questions arising in the progress of a trial, which could in no event lead to a final result, and which might become wholly unimportant if the cause were conducted to some point at which it would become capable of final disposition.

Unless a case is in such position that our decision of the questions raised may, in one alternative at least, dispose of the controversy for the purposes of that suit, we have been accustomed to decline to hear it, and to discharge the report. *Murphy* v.

*Boston, Clinton & Fitchburg Railroad Co.* 110 Mass. 465. Any other interpretation of the statute would tend to transform this court into an advisory board for the direction of the business of the court below.

The questions presented upon this report relate merely to the admissibility of evidence. They are incident to the ordinary conduct of a trial, involving no final result. *Report discharged.*