JOHN HETHERINGTON AND SONS, LTD., *vs.* WILLIAM FIRTH COMPANY.

Suffolk.    March 22, 1912. — June 4, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Report. *Damages,* In contract. *Contract,* Construction.

After long hearings of an action of contract by an auditor and by a judge of the Superior Court without a jury, involving great expense to both parties, exceptions by the defendant to rulings of the judge of the Superior Court were sustained and a new trial was ordered, confined to the question of damages. Upon a motion by the plaintiff asking for a ruling as to the scope of the inquiry at the second trial, which would have involved an extended investigation at the trial into complicated facts, a judge of the Superior Court made an interlocutory order narrowing the inquiry so that the trial would be brief, and reported the question raised by his order for determination by this court under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5. *Held,* that under the peculiar circumstances the report was made properly under the statute.

Moot, speculative or subsidiary questions should not be reported to this court for determination under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.

An English manufacturer of machinery and a Boston merchant made a contract in writing providing for the sale of the manufacturer's goods in the United States and Canada by the merchant during a period of five years. The contract covered

two main subjects, one the purchase and sale of the machinery, which was its dominant purpose, and the other the maintenance of an American agency. There was a provision that the merchant should "not during the continuance of this agreement be engaged or interested in the sale" of any other machinery in the territory named "similar to or made and used for the same purpose as" the English manufacturer's, and the manufacturer agreed to sell in the described territory only through the merchant. The merchant broke the contract by selling other goods similar to the English manufacturer's, and, in an action by the manufacturer against him, it having been decided that the manufacturer could not recover damages for the loss of prospective profits under the aspect of the contract which contemplated purchases and sales because of the uncertain character of such damages, it was *held* further, that the provisions of the contract, confining the purchases and sales contemplated by the contract to the parties to it, was not a main or independent agreement, but was subsidiary and supplementary to the dominant agreement relating to purchases and sales, and therefore that no damages could be recovered for the breach of such provision since none were recoverable for breach of the agreement to which it was subsidiary.

CONTRACT for breach of a contract in writing which, as afterward modified orally, established terms under which the defendant was to sell certain machinery of the plaintiff in the United States and Canada. Writ dated November 15, 1901.

The case first was heard in the Superior Court without a jury, by *Raymond,* J., who found for the plaintiff. Exceptions of the defendant were sustained and a new trial, confined to the issue of damages, was ordered in a decision reported in 210 Mass. 8, where the entire contract is quoted.

Thereafter and before a second trial of the case the plaintiff moved that an interlocutory order be made directing that the case "stand for trial for the assessment of damages including any damages that may be shown to have resulted from a loss of business and profits arising through the defendant's competition in engaging in the sale of other machinery similar to the plaintiff's contrary to its stipulation in the contract declared on, and failing to carry out its undertaking to sell efficiently and to appoint representatives to travel regularly in the United States and Canada, visiting the existing mills and districts in which mills may be erected for the purpose of procuring orders for all the various machines made by the plaintiff."

The motion was heard by *Pierce,* J., who ordered that the case "stand for trial only for the assessment of damages suffered by the plaintiff in expenses incurred by it in establishing new arrange-

ments to carry on the business which the defendant under-took to do under its contract with the plaintiff," and, being of the opinion that the question of law involved in the order ought to be determined by this court before any further pro-ceedings were had in the Superior Court, reported the case for such determination.

S. J. Elder, (F. E. Bradbury with him,) for the defendant.

J. B. Warner, (R. S. Warner with him,) for the plaintiff.

RUGG, C. J.   After the decision in this case in 210 Mass. 8, the Superior Court entered an order to the effect that the "case stand for trial only for the assessment of damages suffered by the plain-tiff in expenses incurred by it in establishing new arrangements to carry on the business which the defendant undertook to do under its contract with the plaintiff." This order was entered in conse-quence of a wide variance between the parties as to the extent and elements of damage open in the new trial.   Being of opinion that the question of law involved in this interlocutory order ought to be determined by the fall court before further proceedings, the judge reported the case for that purpose under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.   This case has been once tried before an auditor, and once before a judge of the Superior Court sitting without a jury, questions of law arising upon which have been decided by this court.   Each trial of the facts has been long, and necessarily must have been conducted at great expense to the parties.   The scope of inquiry as to damages at the new trial, if in accordance with the order entered in the Superior Court, will be narrow and a trial comparatively brief, while if it is as broad as contended by the plaintiff extended investigation into complicated facts may be involved.   Under these peculiar cir-cumstances the report upon such an order is made properly under the statute.   Considerable discretion is conferred upon judges of the Superior Court in reporting cases before they are ripe for final judgment.   If this discretion should be too generously exer-cised, and if moot, speculative or subsidiary questions are reported, they would not be considered.   The statute does not permit a re-turn to the prolific power given to the Superior Court by St. 1869, c. 438, which was found by practice so extremely inconvenient that it was repealed by St. 1878, c. 231.   Terry v. Brightman, 129 Mass. 535.   Bearce v. Bowker, 115 Mass. 129.   Noble v. Boston,

111 Mass. 485. The question presented by this report is fundamental and vital in a new trial, and its decision now is in the interest of economy of time and expense.

The plaintiff contends that under the previous decision it is permitted to recover all damages suffered by reason of the defendant's breach of contract, save only that the subject of prospective profits is barred, while the defendant asserts that only the reasonable expenses incurred in re-establishing an American agency is open. This diversity of view requires an examination of the posture of the case when it was here before. The plaintiff then had prevailed in the Superior Court with a substantial finding in its favor. The defendants pressed various exceptions. The only ones now material were grouped under the single subject, "loss of profits on sales of machinery occasioned by the act of the defendant." 210 Mass. 21. This was the only aspect of damages argued by counsel. Narrowly construing its duty, the court perhaps might have confined itself to that phase, and left the rest of the field of damages undisposed of. But this would not have conduced to a new trial based upon the judgment of this court as to the elements of damage which would be proper subjects of inquiry. It is the practice under such conditions to indicate the general principles which should guide the conduct of the new trial, and thus afford all the aid in its power to end litigation promptly in accordance with law. So far as such principles are stated they become the law of the case. *Boyd* v. *Taylor*, 207 Mass. 335. Where all the other factors have not been directly argued and where the court does not undertake to state with definiteness the precise rule, a new phase not specifically covered by the earlier decision may be presented. The two points broadly decided before were that this contract was of such a character that loss of gains on future business could not be recovered, while expense of re-establishing the agency in America could be recovered. Reference was made in the statement of the contract in that opinion to the stipulation that the defendant should appoint representatives to travel, and should not sell other machinery, so that these elements did not escape the attention of the court. There is force in the argument that inferentially it follows that breach of these provisions of the contract was held not to be a foundation for damages, although nothing further is said distinctly about them in the opin-

ion. But without placing the decision on this ground, we treat the matter now raised as open to the plaintiff.

It requires no citation of authorities to support the proposition that under very many conditions a contract not to compete is valid and enforcible and substantial damages may be recovered for its breach, and that the evidence which may warrant recovery of such damages need not be specific and detailed, but may be comprehensively definite. Within the shadows which may fall on the broader line of a general rule of damages, each case must be treated by itself. In this case, as was pointed out before, the contract covered two main subjects, one the purchases and sales of machinery which appears to us plainly to be the dominant purpose of the agreement, and the other the maintenance of an American agency. There is the further clause, for breach of which it is contended now that damages may be recovered, that the defendant "shall not during the continuance of this agreement be engaged or interested in the sale in the United States of America or the Dominion of Canada of any other spinning machinery similar to or made and used for the same purpose as" that of the plaintiff, and a like requirement that the plaintiff shall do its American business exclusively through the defendant. This paragraph confining purchases and sales for the designated territory to the parties appears to be not a main or independent purpose of the parties, but one subsidiary to their ruling design. It is supplementary of the positive agreement as to purchases and sales, negative in its terms and protective of the prevailing feature of the contract. The chief aim of the contract being purchases and sales of machinery, when this came to an end whatever was dependent and incidental to it fell also. Although the breach of an agreement not to compete gives rise to an action, when it is separate and disconnected from other parts of a contract, the connection in which this clause appears and its relation to the governing intent and subject of this contract gives no right to damages when none exist as to that main subject. *Troy Laundry Machinery Co.* v. *Dolph,* 138 U. S. 617. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. *Francisco* v. *Smith,* 143 N. Y. 488. *New York Bank Note Co.* v. *Hamilton Bank Note Engraving & Printing Co.* 180 N. Y. 280, 294.

What has been said applies also to the agreement to have agents travel through the United States and Canada. That also was a

supplementary agreement. It follows that the damages at a new trial are to be limited to the expenses incurred by the plaintiff in establishing its new American agency, and that the order of the Superior Court was right.

*Order affirmed.*