Moses H. Gulesian *vs.* Frank L. Richardson & others.

Suffolk.    February 7, 1940. — June 3, 1940.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Practice, Civil,* Report.

Section 111 of G. L. (Ter. Ed.) c. 231 gave no authority to a judge of the Superior Court to report his overruling, at the close of the plaintiff's opening to the jury, without prejudice to their being renewed later at the trial, objections by the defendants to the introduction of evidence of certain facts alleged in the opening, the judge stating in the report that he was of opinion that as to some such matters the plaintiff was precluded from introducing evidence and that he sought from this court a determination of which, if any, of the rulings on the defendant's objections should be sustained.

Tort. Writ in the Superior Court dated October 6, 1934. The case came before this court upon a report by *Swift,* J.

*E. F. McClennen,* (*L. McClennen* with him,) for the defendants.

*T. B. Shea,* (*H. J. Smith* & *G. J. Barry* with him,) for the plaintiff.

Qua, J. This case is not properly here on report under G. L. (Ter. Ed.) c. 231, § 111. There has been no verdict, and there has been no finding or agreement as to the facts. The only language of § 111 under which any contention might be made that the case could be reported is that found in the second sentence, under which the trial judge may report if he "is of opinion that an interlocutory . . . order made by him ought to be determined by the full court before any further proceedings in the trial court." There was no interlocutory order within the meaning of the statute.

The action is against the Newton Trust Company and its directors for an alleged "conspiracy" by means of "combined power and influence" to deprive the plaintiff of his real estate, upon which the trust company held a mortgage, through "false rumors and information," "duress," and by

other allegedly wrongful means. See *Fleming* v. *Dane*, 304 Mass. 46. The answer set up, among other defences, *res judicata* arising out of a final decree after rescript upon a counterclaim by the Newton Trust Company in the former suit of *Gulesian* v. *Newton Trust Co.* reported in 302 Mass. 369. At the trial, after the plaintiff had opened to the jury, but before any evidence had been introduced, each defendant moved for the direction of a verdict in his favor on the ground that the evidence offered in the opening, "excluding the matters so opened which had already been adjudged otherwise by the final decree after rescript" in the former suit, would not entitle the plaintiff to a verdict. The defendants supported their motions by a detailed statement of numerous particulars wherein they asserted that the evidence tendered by the plaintiff in his opening was inconsistent with the previous decision. The judge states in his report that he is of the opinion that the plaintiff is precluded by the former decree from offering evidence in support of "some of the matters alleged in the opening" and that he rules that "the plaintiff should not be permitted to offer such evidence." The report continues thus: "and without passing on the merits of the several objections of each of the defendants and their respective motions to direct a verdict for them, I rule that said objections should be overruled at this time without prejudice to their renewal and that their respective motions to direct a verdict for such defendant be denied without prejudice to their renewal, and that in view of this opening for the plaintiff the case should be withdrawn from the jury and reported to the Supreme Judicial Court before any further proceedings in the trial court to determine which, if any, of the rulings on the objections above recited made by the defendants and the rulings denying their respective motions for the direction of a verdict for such defendant on the grounds only, of prior adjudication as above stated, should be sustained, and I hereby report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties." The judge adds that he takes this course at the request of the plaintiff with the consent of the defendants.

He also finds that it would probably take more than a week
to present the evidence.

This is not the common case where the judge reports his
action upon an interlocutory order before the trial of the
case. Here, shortly after the trial on the merits had begun,
he stopped the trial in order to obtain the direction of this
court as to how the trial should be conducted. St. 1869,
c. 438, expressly permitted questions of law "arising upon a
trial" to be "reported before verdict." Even under that
broad statute it was held that, in general, questions of evi-
dence could not be reported; that it "was not intended to
relieve the Superior Court of the responsibility of deciding
upon all questions incident to the trial of issues in that
court"; and that "Any other interpretation of the statute
would tend to transform this court into an advisory board
for the direction of the business of the court below." *Noble*
v. *Boston,* 111 Mass. 485, 486, 487. *Russell* v. *Lathrop,* 119
Mass. 531. The 1869 act was repealed by St. 1878, c. 231,
§ 2, because it was found extremely inconvenient in prac-
tice. *John Hetherington & Sons, Ltd.* v. *William Firth Co.*
212 Mass. 257, 259. *Terry* v. *Brightman,* 129 Mass. 535,
538. If the judge had granted the defendants' motions the
resulting verdicts would have left the case in a position to
be reported under § 111. As the case stands, no foundation
has been laid for a report. *Comstock* v. *Soule,* 303 Mass.
153.

There is nothing to take this case out of the general rule.
At most the defence of *res judicata* could be open only to
the defendant Newton Trust Company, upon whose counter-
claim alone the former decision was made. See *Old Dominion
Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159,
216, 217, 218, 219; *Giedrewicz* v. *Donovan,* 277 Mass. 563,
565. The original bill in the former case was dismissed
without prejudice as to the other defendants, and therefore
the decree could not have the force of a judgment in their
favor. Even as to the trust company the former decision
is conclusive "only as to those facts which were necessarily
involved in . . . [the decree on the counterclaim] without
the existence and proof or admission of which such . . .

[decree] could not have been rendered." *Burlen* v. *Shannon,* 99 Mass. 200, 202. There is nothing contrary to what is here said in *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, or in the decree after rescript in that case. It follows that in any event an attempt on our part to determine now what, if any, particular statements in the plaintiff's opening are in conflict with facts previously determined would not end the case and might prove of little assistance in its future progress, as our decision would rest upon a foundation no more secure than an opening which might be substantially changed when the case again comes to trial. See *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. Compare *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259.

*Report dismissed.*