JOHN GILBERT JR. COMPANY & others *vs.* C. M. FAUCI CO.

Middlesex.    March 5, 1941. — May 29, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice*, Report. *Jurisdiction*, Power of one judge respecting interlocutory action by another judge. *Superior Court*, Jurisdiction.

A judge of the Superior Court, not having taken any action himself, has no power to report to this court questions raised by a demurrer to a bill in equity which had been overruled by another judge who had not reserved the case for report.

This court could not consider a document which was entitled an "adoption," by a judge of the Superior Court who had overruled a demurrer to a bill in equity, of a purported report by another judge of questions raised by the demurrer, and which was filed in the Superior Court while the attempted report was pending in this court.

BILL IN EQUITY, filed in the Superior Court on December 20, 1939.

The attempt to report was by *Forte*, J.

*W. P. Murray*, (*V. H. Tanner* with him,) for the defendant.

*M. K. Greenberg*, for the plaintiffs.

QUA, J.    Plainly this cause is not properly before us in accordance with the pertinent statutes. It is a bill in equity

to enforce for the plaintiffs' benefit certain provisions of the fair trade law, G. L. (Ter. Ed.) c. 93, §§ 14A–14C, inserted by St. 1937, c. 398, as amended. An attempt is made to bring the case here upon a "report" of a judge of the Superior Court. The "report" recites that the cause "came on to be heard" after a judge of the Superior Court other than the judge who made the "report" had "overruled a demurrer" to the bill; that upon hearing arguments of counsel the judge making the so called report "became of the opinion that the questions raised by the demurrer so affect the merits of the controversy that the matters ought to be determined by the Supreme Judicial Court before further proceedings in this court"; and that he therefore reports "the questions raised by the demurrer" and stays all further proceedings, except such as may be necessary to preserve the rights of the parties.

It does not appear from this "report" that the judge who signed it took any action whatever in relation to the case, except to attempt to make a report to this court of some action previously taken by another judge in the nature of overruling a demurrer. A demurrer is printed with the record, but no order or decree upon it by any judge appears in the record, so that we do not even know what order or decree was entered by the judge who first dealt with the case, except that the "report" describes his action as the overruling of a demurrer.

The self-evident difficulty with the "report" is that the judge who signed it did not make the ruling which he seeks to report. The power of a judge of the Superior Court to report to this court questions of law arising upon an interlocutory decree or order in a suit in equity is derived entirely from G. L. (Ter. Ed.) c. 214, § 30. From a reading of that section it is clear that "the justice" to whom the power is granted is the justice who makes the "interlocutory decree or order" and not some other justice. This is the grammatical sense of the words employed. It has been recognized as such by the language used in several of our decisions. *Fuller* v. *Chapin,* 165 Mass. 1, 4. *Knox* v. *Springfield,* 273 Mass. 109, 110. *Laverty* v. *Associated Gas & Electric Securities*

*Co. Inc.* 300 Mass. 79, 81. *Rowe* v. *Bragg*, 300 Mass. 298, 299. The same rule applies to reports after hearings on the merits under the express wording of G. L. (Ter. Ed.) c. 214, § 31 (see, however, G. L. [Ter. Ed.] c. 231, § 112, applying to cases where the judge fails to make a report by reason of death, disability or resignation), to reports in actions at law both of interlocutory and of final matters under G. L. (Ter. Ed.) c. 231, § 111, *Newburyport Institution for Savings* v. *Coffin*, 189 Mass. 74, 75; *Berenson* v. *London & Lancashire Fire Ins. Co.* 201 Mass. 172, 173; *Walters* v. *Jackson & Newton Co.* 231 Mass. 247; *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 12, and to bills of exceptions under G. L. (Ter. Ed.) c. 231, § 113. *Brooks* v. *Shaw*, 197 Mass. 376, 378, 379. *Second National Bank of Malden* v. *Leary*, 284 Mass. 321, 324.

One reason for this rule in its application to interlocutory matters is that the decision to make a report of such matters involves the exercise of a substantial judicial discretion. This court should not be flooded with cases in their early stages. The questions reported may become immaterial when the issues and facts are fully developed. Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing. See *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 547; *Gulesian* v. *Richardson*, 306 Mass. 184. The discretion as to making a report is best exercised by the judge who has had the matter before him in his responsible judicial capacity and who has himself made the ruling which is the subject of report. We do not intend to intimate that this would not have been a proper case for a report by the judge who heard the demurrer, but the statute must receive the same construction in all cases.

Possibly the "report" in this case was made under a misapprehension as to what was decided in *Peterson* v. *Hopson*, 306 Mass. 597. It should be noted that in that case the second judge reported only the action taken by himself in overruling a second demurrer. He did not undertake to

report the action of some other judge without taking any action himself.

At the argument in this court of the case at bar the defendant presented to us a certified copy of a paper filed in the Superior Court the day before entitled "Adoption of Report" wherein the judge who overruled the demurrer attempted to "adopt" as his own the "report" previously made and entered in this court, "as of" the date of the original filing of that "report" in the Superior Court. Obviously we cannot consider this document. Even if it could be construed as in itself a new report by the judge who overruled the demurrer, no paper filed in the Superior Court by a judge of that court can have the effect of giving to this court jurisdiction which it did not previously possess to act upon a "report" already entered in this court but not properly before us under the law. None of the successive steps so carefully laid down by G. L. (Ter. Ed.) c. 231, § 135, "In order to carry any question of law" from any court to the full bench of this court has been followed with reference to this "Adoption of Report." It is not in any sense before us.

We cannot proceed to a decision of this case without refusing to recognize the terms of the statutes from which alone our authority to deal with it could be derived. The point has been taken in argument.

*Report dismissed.*