SUN OIL COMPANY *vs.* DIRECTOR OF THE DIVISION ON THE NECESSARIES OF LIFE.

Suffolk.    December 8, 1959. — January 7, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Gasoline. Sign. Equity Jurisdiction,* Declaratory relief. *Declaratory Judgment. Administrative Matter. Justiciable Question. Words,* "Thrifty," "Price."

Signs displayed at retail filling stations of dealers of a gasoline company referring to gasoline "custom blended at the pump" to give the "exact octane to fit your car" as "thrifty" or "thriftier"; "pay only for the octane you need" were not signs "stating or relating to the price of motor fuel" or "designed or calculated to cause the public to believe that they state[d] or relate[d] to the price of motor fuel" within G. L. c. 94, § 295C, as appearing in St. 1939, c. 459, § 1, and did not violate that section. [237]

Following a letter by the director of the division on the necessaries of life to a gasoline company stating that certain signs at the retail filling stations of its dealers "would appear to be" in violation of G. L. c. 94, § 295C, as appearing in St. 1939, c. 459, § 1, and suggesting changes in the signs, and a later letter threatening criminal prosecution of the company and its dealers unless changes were made, the company might maintain a suit in equity against the director under G. L. c. 231A seeking a declaratory decree that the signs did not violate § 295C. [239]

G. L. c. 94, § 295C, as appearing in St. 1939, c. 459, § 1, does not leave it to the director of the division on the necessaries of life to determine whether signs displayed at gasoline filling stations state or relate to the price of motor fuel within the second paragraph of that section; that issue is for the courts. [239–240]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on July 25, 1958.

The suit was reserved and reported by *Williams, J.*

*Donald R. Grant,* for the plaintiff.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, (*Eugene G. Panarese* with him,) for the defendant.

WHITTEMORE, J. The plaintiff seeks a declaration under G. L. c. 231A that signs which are in use or are proposed for use at gasoline filling stations of its retail dealers, and which refer to blended gasoline sold thereat under its trade mark Sunoco, or to the dispensing pumps, do not violate G. L. c. 94, § 295C, as appearing in St. 1939, c. 459, § 1.

The case was reserved and reported by a single justice upon the pleadings and a statement of agreed facts. A prayer for an alternative declaration of the invalidity of § 295C to any extent applicable has been waived.

Section 295C is one of several sections of a statute whose purpose is to prevent fraud in the sale of motor fuel. *Slome* v. *Chief of Police of Fitchburg,* 304 Mass. 187, 189. Section 295C provides: "Every retail dealer in motor fuel shall publicly display and maintain on each pump or other dispensing device from which motor fuel is sold by him, at least one sign and not more than two signs stating the price per gallon of the motor fuel sold by him from such pump or device. Said sign or signs shall be of a size not larger than eight inches by ten inches. The price shown on each of such signs shall include all taxes imposed with respect to the manufacture or sale of the motor fuel sold at such pump or device, and every such sign shall either contain a statement of the taxes included in said price, or, without specifying the amount thereof, shall state that such taxes are included in said price. All figures, including fractions, upon said signs, other than figures and fractions used in any price computing mechanism constituting a part of any such pump or dispensing device, shall be of the same size. [¶] No signs stating or relating to the price of motor fuel, and no signs designed or calculated to cause the public to believe that they state or relate to the price of motor fuel, other than the signs referred to in the preceding paragraph and required to be displayed upon pumps and other dispensing devices,

shall be posted or displayed on or about the premises where motor fuel is sold at retail, and within view of any public highway or reservation."

The dispensing pump to which the signs relate is adjustable if desired so as to blend in its nozzle, with gasoline of a standard octane rating, a predetermined amount of other gasoline or "octane concentrate" which has a high octane rating. Thus a single pump and two storage tanks make possible the delivery to each customer of gasoline which has an octane rating deemed suited to the compression ratio of the engine of his automobile. As presently used the pumps deliver the standard gasoline and five blends.

The signs which the defendant deems violative of § 295C read as follows: "NEW Thrifty 6 FUELS CUSTOM BLENDED"; "MIRACLE PUMP 6 THRIFTY FUELS"; "NEW! THRIFTIER CUSTOM-BLENDED" (with picture of the pump); "CUSTOM BLENDED AT THE PUMP NEW . . . THRIFTIER! Exact Octane To Fit *Your* Car"; "Miracle Blending Pump links up: POWER THRIFT Custom-Blended at the Pump"; "Custom Blending PAY ONLY FOR THE OCTANE YOU NEED!"

The plaintiff's counsel at the argument said that it does not ask a declaration in respect of the "PAY ONLY" sign. We think that, unless there is assurance that all controversy in respect of this, and similar, signs is ended, we should construe the "PAY ONLY" sign. Its status being, in our view, like that of the others we do construe it without deciding the right to or effect of the withdrawal of an issue by only one party.

We hold that the signs are not signs "stating or relating to the price of motor fuel" or signs "designed or calculated to cause the public to believe that they state or relate to the price of motor fuel" within the meaning of these words in G. L. c. 94, § 295C.

The "price of motor fuel" is the number of currency units for which a unit of fuel is sold. A dictionary definition of "thrifty" is, "Given to, or evincing, thrift; characterized by economy and good management; provident." It is true that the purchase of a fuel will be thrifty if its cost is less

than that of another fuel which in performance is identical with it. But these statements do not make that claim. If the use of the word "thrift" alone would justify an inference of reference to price, such inference is extinguished in the signs by disclosure of the basis for the claim. The "thrift" signs say in effect that "buying our custom blended gasoline" or "buying gasoline dispensed in our miracle pump" is a thrifty practice. The "PAY ONLY" sign says in effect: "buying custom blended fuel means that you pay only for the octane you need." Such statements are equally applicable whatever prices prevail for standard and higher grades of fuel.

These signs inform customers who need gasoline of higher octane rating than standard that their expenditures for motor fuel, that is, their fuel costs, may be less than at competitive pumps which sell only a single high test fuel. Such fuel *cost* to the customer is what these signs, and in particular the "PAY ONLY" sign, refer to. This, however, is not in any precise sense the "price" of the fuel, and we do not think that the wording or intent of the statute requires that the word "price" be so construed as to include concepts beyond its plain meaning. "The words of a statute are to be given their usual and ordinary meaning. Words plain enough in common speech are equally plain when they appear in a statute. They are to be considered in the light of the obvious aim to be accomplished by the Legislature and as employed by the Legislature as expressing the practical means by which the legislative aim is to be attained. Every statute, if possible, is to be construed in accordance with sound judgment and common sense, so as to make it an effectual piece of legislation." *Commonwealth* v. *Slome*, 321 Mass. 713, 716.

The signs in issue do not tend to the promotion of fraud, or to "convey the impression that . . . [the fuel] is sold at less than the prevailing market price." *Merit Oil Co.* v. *Director of the Div. on the Necessaries of Life*, 319 Mass. 301, 304. A photograph in evidence confirms that the only display of price is in the small sign or two signs which conform

to § 295C, so that our disapproval, heretofore expressed, of "a wealth of signs with exaggerated and blatant statements of the virtues and prices . . . [which leave the motorist] in doubt and confusion" (*ibid.*) is inapplicable. Furthermore the signs in use, though striking, are not of this description.

The bill of complaint presents a proper case for a declaratory decree under c. 231A apart from the waived constitutional issue. This is not a case of equity intervening to prevent the prosecution of a crime. See *Harmon* v. *Police Commr. of Boston,* 274 Mass. 56. Compare *Kenyon* v. *Chicopee,* 320 Mass. 528 (constitutional rights involved). Chapter 231A created a new remedy and is to be "liberally construed and administered" (§ 9). *Madden* v. *State Tax Commn.* 333 Mass. 734, 736–737. The controversy was initiated by a letter from the former director that posted signs "would appear to be in violation of . . . section 295C, the second paragraph thereof," and suggesting elimination of the word "thrifty." A later letter said that unless changes were made criminal prosecution would be instigated against the plaintiff and its retail dealers displaying the signs. The statute in addition to criminal penalties against "whoever . . . violates" it (§ 295K) provides that "[t]he division shall administer and enforce" it (§ 295H), that "[t]he superior court shall have jurisdiction in equity to enjoin . . . repeated violation . . . by any retail dealer . . . [, that p]etitions . . . may be filed by any person injured or damaged by such violation" (§ 295L), and that on second and subsequent criminal convictions the licenses of licensees (retail dealers, § 295B) may be suspended (§ 295K). Retailers' licenses under G. L. c. 148, § 13, for the storage of petroleum products could be affected by a violation. See *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 376; *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706, 709–710. If the plaintiff is seeking to avoid being prosecuted it is also seeking much more than that. The controversy affects the relation of the plaintiff to its retail dealers in respect of important business policy.

The statute does not leave it to the director or the divi-

sion to determine whether the signs relate to price. His power is to move to have the courts decide the issue. Compare *Pacella* v. *Metropolitan Dist. Commn.* 339 Mass. 338, 346. There is no interference in a pending administrative procedure. See *St. Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470.

A declaratory decree is to be entered in accordance herewith.

*So ordered.*