## A. A. VAUTIER, petitioner.

Suffolk.    December 7, 1959. — February 5, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Report; Requests, rulings and instructions; Waiver. *Habeas Corpus. Taxation,* Income tax, Imprisonment for nonpayment. *Arrest and Imprisonment. Waiver. Supreme Judicial Court,* Question waived.

A habeas corpus proceeding was not properly before this court upon a purported report by a judge of the Superior Court under G. L. c. 231, § 111, after partial hearing by him on the merits and denial of requests for rulings, where there were no findings of fact by the judge or agree-ment as to all the material facts or final decision of the case. [344]
A denial of requests for rulings presented at a hearing of a case on the merits without jury in the Superior Court was not an "interlocutory

finding or order" supporting a report of the case under G. L. c. 231, § 111. [344]

Where, with respect to a denial of a broad request for a ruling that a statute was in violation of both the Federal and Massachusetts Constitutions, the requesting party before this court in effect waived the point of constitutionality under the Federal Constitution by requesting that this court not reëxamine certain decisions of the Supreme Court of the United States conceded to uphold such constitutionality, this court did not consider the point of constitutionality under the Massachusetts Constitution since the trial judge was entitled to treat the request as a whole. [345]

By reason of the provisions of G. L. c. 62, § 41, giving the commissioner of corporations and taxation, for the collection of income taxes assessed under c. 62, all the remedies afforded by c. 60 for the collection of taxes on personal estate by town collectors of taxes, it was proper to deny a request by a nonresident assessed an income tax under c. 62, § 5A, for a ruling that such remedies afforded by c. 60 were not intended to apply to a nonresident and that his arrest and imprisonment thereunder were unlawful. [345–346]

A refusal by a delinquent taxpayer, on request of the collector, to disclose sufficient goods on which to make a levy under G. L. c. 60, § 24, would establish inability of the collector to find sufficient goods within § 29 authorizing arrest and imprisonment of the taxpayer in case of such inability. [346–347]

Uncontroverted allegations in the return in a habeas corpus proceeding must be taken as true. [347]

PETITION, filed in the Superior Court on April 13, 1959.

The case was heard by *Smith*, J.

*Henry M. Fuller*, for the petitioner.

*Edward J. McCormack, Jr.*, Attorney General, (*Richard H. Gens*, Assistant Attorney General, & *Eugene G. Panarese* with him,) for the respondents.

WILKINS, C.J.   The petitioner, a resident of New Hampshire, filed this petition for a writ of habeas corpus, alleging that on April 7, 1959, he was unlawfully imprisoned and restrained of his liberty and held in custody in the Suffolk County jail following his arrest under a warrant of commitment issued by the commissioner of corporations and taxation for failure to pay a tax upon income earned by him at his employment in this Commonwealth. See G. L. c. 62, § 41, as amended through St. 1933, c. 350, § 4; c. 60, §§ 29, 34, as amended through St. 1947, c. 313. The writ issued on April 13, the day the petition was filed, and the order of

notice to show cause was served on the commissioner, the sheriff of Suffolk County, and the deputy jailer of the Suffolk County jail. Nothing entitled a return was made by anyone. See G. L. c. 248, §§ 10, 11. The only other papers filed were by the commissioner on April 14. These were a demurrer (on which there was no action and which we disregard) and an "answer."[1] The "answer" admitted some allegations of the petition, denied others, and neither admitted nor denied still others. In addition the "answer" contained certain affirmative allegations.

On April 14, the trial judge ordered the petitioner remanded to the custody of the sheriff for production on the following day. On April 15 the trial judge admitted the petitioner to bail and reported the case to this court "to determine the questions raised by the petitioner as to the constitutionality of the statutes involved and the procedures adopted by the respondent" commissioner. The report states that the case was heard "on the petition and the return of the writ." The same questions were open whether the hearing was had partly on the petition and partly on the return, or wholly on the return. *Sims's Case,* 7 Cush. 285, 291–293. *Chambers's Case,* 221 Mass. 178, 180–181. *Graves's Case,* 236 Mass. 493, 499.

At the hearing the petitioner presented five requests for rulings which were denied. No final disposition was made of the petition.

We assume that the "answer" could be treated as a return, although not in strict compliance with G. L. c. 248, §§ 10,[2] 11.[3] It contained no copy of the warrant, but the

---

[1] In habeas corpus answer is normally the name of a pleading which traverses the return. 25 Am. Jur., Habeas Corpus, § 143. 39 C. J. S., Habeas Corpus, § 99. See G. L. c. 248, § 15.

[2] "Any person to whom the writ is directed shall receive it, and, upon payment or tender of the charges demandable for its execution, shall make due return thereof within five days after receiving it."

[3] "The person in whose custody the prisoner is found shall state in writing, plainly and unequivocally, to the court or justice before whom the writ is returnable — First, Whether the prisoner is in his custody or power or under his restraint. Second, If the prisoner is in his custody or power or under his restraint, his specific authority for and the true and whole cause of such imprisonment or restraint, with a copy of the writ, warrant or other process,· if any, upon which the prisoner is detained. . . ."

cause of the restraint was admitted. There was nothing filed by the sheriff, in whose custody by order of court the petitioner was.

We are constrained to hold that this case is not properly here on report under G. L. c. 231, § 111. As it was tried without jury, there could be no verdict. There was no "finding of the facts by the court" (which includes a general finding or decision, *Scaccia* v. *Boston Elev. Ry.* 317 Mass. 245, 251), nor any "agreement as to all the material facts," which in § 111 means a case stated. The case has been partially heard on the merits, but no final decision has been made. The requests were incidental to that hearing. See *Zani* v. *Phandor Co.* 281 Mass. 139, 143–144. Their denial, without a ruling on the matter to which they were incidental, was not an "interlocutory finding or order" within § 111. See *Scaccia* v. *Boston Elev. Ry.* 317 Mass. 245, 248–251; *Tardiff, petitioner*, 328 Mass. 265, 266. In *Gulesian* v. *Richardson*, 306 Mass. 184, 186, it was held that questions of evidence could not be reported after a trial had been commenced and where the defendants' motions for directed verdicts had not been granted, as no foundation had been laid for the report.

Nothing definite appears in the report as to further proceedings in the Superior Court. If the trial judge had jurisdiction under § 111 to report his denial of the requests for rulings, there would be nothing to prevent a resumption of the hearing after a decision by us and the presentation of further requests, the action on which from time to time might become the subject of additional reports and still without any decision on the merits. Such a practice "would tend to transform this court into an advisory board for the direction of the business of the court below." See *Noble* v. *Boston*, 111 Mass. 485, 487. This was never intended by the Legislature.

We are mindful that we are dealing with a prerogative writ for the preservation of freedom. See *Chambers's Case*, 221 Mass. 178, 181. We shall, accordingly, indicate our views on enough of the requests to show that there was

nothing improper in "the procedures adopted by the respondent" commissioner. *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731. *Massachusetts Charitable Mechanic Assn.* v. *Beede,* 320 Mass. 601, 609.

The first two requests could not have been granted. The first request in broad sweep sought a ruling that G. L. c. 62, § 5A, is in violation of the Constitution of the Commonwealth and of the Constitution of the United States of America. The second request is somewhat more detailed, but states as a "generality" that § 5A is in violation of both Constitutions as a denial of the equal protection of the laws to citizens of New Hampshire and is discriminatory. The report states that at the hearing the petitioner conceded that, following the decisions in *Travis* v. *Yale & Towne Mfg. Co.* 252 U. S. 60, and *Shaffer* v. *Carter,* 252 U. S. 37, it is within the power of the Commonwealth to levy a tax upon income acquired here by a nonresident. In his brief he requests us not to reëxamine the principles of those cases. This is a waiver under Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698. The judge was entitled to treat each request as a whole. *Aste* v. *Putnam's Hotel Co.* 247 Mass. 147, 152. *Squires* v. *Fraska,* 301 Mass. 474, 476–477. *Ferguson* v. *Ashkenazy,* 307 Mass. 197, 203. We, accordingly, shall not discuss the denial of the requests as applied to the Constitution of the Commonwealth. The petitioner's fundamental rights are not foreclosed. He has been set at liberty on bail. We were told at the arguments that the merits of the tax controversy are to come before us in another proceeding. See G. L. c. 62, § 43, as amended through St. 1959, c. 17, § 2; G. L. c. 62, § 45, as amended through St. 1958, c. 523, § 2, which is the usual method provided for testing the validity of an income tax by application to the State tax commission with a right of appeal to the Appellate Tax Board.

The third request is "That the provisions of chapter 60, sections 24, 29, 34, 34A and 35 of said General Laws were as a matter of law never intended to apply to the citizen of a sovereign sister state, and that the arrest and imprisonment

of a citizen of such sister sovereign state under said provisions are unlawful."

Article 44 of the Amendments to the Constitution confers upon the Legislature full power and authority to impose and levy a tax on income. Pursuant thereto, G. L. c. 62, § 5A, inserted by St. 1955, c. 780, § 1, imposes a tax upon "Income received or earned within the commonwealth, during the preceding calendar year, by any natural person not an inhabitant, resident or citizen of the commonwealth . . . ." General Laws c. 62, § 41, contains the provision: "The commissioner [of corporations and taxation] shall have for the collection of taxes assessed under this chapter all the remedies provided by chapter sixty for the collection of taxes on personal estate by collectors of taxes of towns, except that any warrant for the collection of a tax assessed under this chapter may be issued to any sheriff, deputy sheriff or constable and he shall have authority to proceed thereunder anywhere within the commonwealth." These remedies are found in the sections referred to in the third request, which was rightly denied.

The fourth request is "The provisions of chapter 60 . . . section 24 of the General Laws require that the collector shall first exhaust his remedies against the goods and assets of any taxpayer within the Commonwealth before taking the body of such taxpayer and committing him to jail." Section 24 provides: "If a person refuses or neglects to pay his tax for fourteen days after demand, the collector shall without unnecessary delay levy the same by distress or seizure and sale of his goods" with exceptions not now material. Section 29 provides in part, "If a person refuses or neglects to pay his tax for fourteen days after demand and the collector cannot find sufficient goods on which it may be levied, he may take the body of such person and commit him to jail . . . ."

The petitioner concedes that notice and demand were given him, but he argues that "there is no affirmative showing that any steps were taken at any time to endeavor to collect the tax due by levy on any motor vehicle of the

petitioner or garnishment of the petitioner's wages at his place of employment within the Commonwealth." Affirmative allegations of the "answer," which we are treating as a return, are described in the report. These are that the petitioner was informed of his legal rights and asked to disclose sufficient goods upon which a warrant could be levied and whether he desired to furnish a bond, G. L. c. 60, § 34A, and that the petitioner refused to disclose sufficient goods or to furnish a bond. If these were the facts, the fourth request was properly denied. "So far as respects the right to arrest, the collector has made reasonable search when he has requested the delinquent to exhibit goods upon which levy may be made; and if the delinquent refuses or neglects to make such an exhibit the collector may properly return that he cannot find sufficient goods." *Kerr* v. *Atwood*, 188 Mass. 506, 507. *Furbush* v. *Connolly*, 318 Mass. 511, 513. The report does not show that these allegations were controverted. They must, therefore, be taken as true. *Commonwealth* v. *Chandler*, 11 Mass. 83, 85. *Kozlowsky, petitioner*, 238 Mass. 532, 536. *Crowley* v. *Christensen*, 137 U. S. 86, 94. 25 Am. Jur., Habeas Corpus, § 137. 39 C. J. S., Habeas Corpus, § 98.

The fifth request is similar to the fourth. No new point is presented. Both requests were properly denied.

The question is not presented whether there was a bailable offence under G. L. c. 248, § 19. See G. L. c. 60, § 34A.

*Report dismissed.*