EVELYN K. ANGOFF, executrix, *vs.* SAMUEL S. ANGOFF.

Suffolk.    January 8, 1973. — February 15, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Equity Pleading and Practice,* Report, Judicial discretion. *Appeals Court,* Brief.

The form and scope in a suit in equity of a report under G. L. c. 214, § 30, by a judge of the Superior Court of questions of law raised through an interlocutory decree overruling the defendant's many objections to the report of a master, confirming his report, and staying further proceedings were such that a decision on the questions presently by this court would render improper a present decision on future action in the Superior Court, and in the circumstances this court as a matter of discretion postponed any answers to the questions, discharged the judge's report, and remanded the case to the Superior Court for further proceedings. ⌊115-116⌋

This court found it unnecessary to decide whether a report under G. L. c. 214, § 30, of a suit in equity should be dismissed for failure of a party to file an acceptable brief where the report was discharged for other reasons. ⌊116-117⌋

BILL IN EQUITY filed in the Superior Court on February 6, 1969.

The suit was reported by *Kalus,* J., after hearing on a master's report.

The case was submitted on briefs.

*Irvin M. Davis* for the defendant.

*Edmund M. Hurley & Charlotte Anne Perretta* for the plaintiff.

GRANT, J.   This bill in equity, brought by the executrix of the estate of one co-partner against the surviving co-partner and seeking an accounting with respect to the partnership assets and profits, was referred to a master under an order of reference which was essentially in the form set out in Rule 86 of the Superior Court (1954), as amended. A judge of that court overruled the defendant's objections to the master's report, allowed the plaintiff's motion to confirm the report, and entered an interlocutory decree confirming the report. The judge, "being of the opinion that the question of law raised by the objections to the [m]aster's [r]eport and the confirmation of said report so affect[ed] the merits of the controversy that the matter ought, before further proceedings, to be determined by the full [c]ourt, . . . report[ed] the *cause*, upon the . . . overruling of the objections to the [m]aster's report and the confirmation thereof for the consideration and determination of the Supreme Judicial Court" and stayed all further proceedings (emphasis supplied). G. L. c. 214, § 30, as then in effect.[1] The only papers incorporated in the report were the bill, the defendant's twice amended answer, the master's report with the defendant's objections appended thereto, and the plaintiff's motion to confirm the report.[2] The case was entered in this court (G. L. c. 211A,

---

[1] "If, upon making an interlocutory decree or order, the justice is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, he may report the *question* for that purpose, and stay all further proceedings except those necessary to preserve the rights of the parties" (emphasis supplied). See now G. L. c. 214, § 30A, as appearing in St. 1972, c. 740, § 4. Other powers of report by the Superior Court are now found in the following: G. L. c. 214, § 31A, as appearing in St. 1972, c. 740, § 6; G. L. c. 231, § 111, as amended by St. 1971, c. 843, § 12; G. L. c. 278, § 30; and G. L. c. 278, § 30A, as inserted by St. 1954, c. 528. See also G. L. c. 185, § 15 (Land Court); G. L. c. 215, § 13 (Probate Courts). We do not consider the provisions of G. L. c. 211, § 6, or those of G. L. c. 214, §§ 30 or 31 (as appearing in St. 1972, c. 740, §§ 3 and 5, respectively).

[2] The record before us also contains papers relative to a request by the defendant (which the master said had been filed too late) for summaries of evidence in support of fifty-two findings, lengthy extracts from the transcript of

§ 10, inserted by St. 1972, c. 740, § 1) and was submitted on briefs without oral argument.

We describe the questions we have been asked to consider. Some twenty-nine of the defendant's eighty-seven objections to the master's report[3] are concerned directly or indirectly with the master's inaction on twenty-seven requests made to him for what the defendant describes as "rulings of law" but at least one of which might more properly be characterized as a request for a finding of fact and several of which would seem to have been intended to raise mixed questions of law and fact. Two objections appear to embrace within their scope the master's exclusion of some 183 questions or documents put to or sought to be introduced through a total of six witnesses.[4] The remaining four objections which we are asked to consider as having been argued are addressed either to findings made by the master which were contrary to the defendant's theory of the case or to the failure of the master to make a

---

the evidence before (but not reported by) the master, and papers relative to appeals by the defendant from interlocutory orders denying his motions: to recommit the report to the master; to vacate the master's report and for the court to hear the evidence or, in the alternative, to refer the case to a different master; to strike (asserted) conclusions of law from the report; for a hearing by the court on certain issues; to designate as parts of the record (see S. J. C. Rule 1:02[2] and [6] 351 Mass. 732, 733) all or parts of some 486 pages of the transcript of evidence before (but not reported by) the master; to include the entire transcript in the record; and to certify (see S. J. C. Rule 1:06 [1] 351 Mass 735) some 142 documents or photographs received in evidence or marked for identification before the master (but not made parts of or otherwise incorporated in his report). We ignore the motions and the court's actions thereon as not properly within the scope of the questions reported. *Foote* v. *Cotting,* 195 Mass. 55, 64. *Smith* v. *Lincoln,* 198 Mass. 388, 392. *Abbott* v. *Bean,* 295 Mass. 268, 281. *Commonwealth* v. *England,* 350 Mass. 83, 88.

[3] The defendant tells us in his brief that only thirty-five objections are before us, a conclusion which can be reached only if we ignore the fifty-two objections directed to the alleged failure of the evidence to support various of the master's findings (see fn. 2, this opinion). We need not now determine whether such discrepancy is to be construed as a belated acknowledgement that the defendant's request for summaries of evidence was filed too late (fn. 2), as a waiver of the fifty-two objections (Rule 1:13 of the Appeals Court) or as an attempt unilaterally to withdraw from our consideration some of the issues presented to us by the report (see *Sun Oil Co.* v. *Director of the Division on the Necessaries of Life,* 340 Mass. 235, 237).

[4] The figure of 183 is derived from something in the record entitled "Index to Appendix 2." The defendant's brief puts the figure at only 171. See fn.3, second sentence.

finding on a point which the defendant considered material.

1. The powers to report a question or a case for appellate review and to determine what issues should be reported are ones which rest "in the sound judicial discretion of the trial judge" (*Laverty* v. *Associated Gas & Elec. Secur. Co. Inc.* 300 Mass. 79, 81) "where justice requires such review" (*Rines* v. *Superior Court,* 330 Mass. 368, 373). The exercise of such discretion is reviewable. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259. *Commonwealth* v. *Henry's Drywall, Inc.* 362 Mass. 552, 554-557. Compare *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212. "Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273. See also *Vincent* v. *Plecker,* 319 Mass. 560, 563, fn. 1. The statutes permitting such reports (see fn. 1, this opinion [first four sentences] ) were not intended "to relieve the [trial court] of the responsibility of deciding upon all questions incident to the trial of issues in that court" (*Noble* v. *Boston,* 111 Mass. 485, 486) or to permit an "[a]bandonment of the judicial function by the trial court" (*Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 521). See also *Granger* v. *Lovely,* 302 Mass. 504, 507. "If [the trial court's] discretion should be too generously exercised, and if moot, speculative or subsidiary questions are reported, they [should] not be considered." *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259.

The superabundance of evidence and other questions presented by the defendant's objections in this case could not have been reported to us under G. L. c. 214, § 30 (as then in effect), were it not for the circumstance that the prevailing equity practice required the entry of some kind of interlocutory decree with respect to the master's report. See *Comstock* v. *Soule,* 303 Mass. 153; *Gulesian* v. *Richardson,* 306 Mass. 184, 186. The form and scope of the report are such that if we were to decide these questions

now it would then be improper for us to decide now what form of final decree or other action should thereafter be entered or taken in the Superior Court (see *Lane* v. *J. W. Lavery & Son, Inc.* 294 Mass. 288, 295-296; *Abbott* v. *Bean,* 295 Mass. 268, 280-281), with the result that the case would have to be remanded to that court for further consideration and action in any event.[5] Many, if not most, of these questions might become wholly unimportant by the time this case might reach us again following the entry of some form of final decree. See *Noble* v. *Boston,* 111 Mass. 485, 486; *Terry* v. *Brightman,* 129 Mass. 535, 538. In these circumstances we are of opinion that for us to entertain and answer the questions "would tend to transform this court into an advisory board for the direction of the business of the court below." See *Noble* v. *Boston,* 111 Mass. 485, 487; *Vautier, petr.* 340 Mass. 341, 344. We believe that as matters of discretion and sound judicial administration we should postpone decision of the issues reported until such time as appellate review may be sought after final decree. See *Commonwealth* v. *Benjamin,* 358 Mass. 672, 673, fn. 1, *Commonwealth* v. *Henry's Drywall, Inc.* 362 Mass. 552, 556-557. Accordingly, we discharge the report.

2. The portion of the defendant's brief which was supposed to be devoted to "[a]concise statement of . . . the facts" (Rule 1:15 [1(a)] of the Appeals Court) slights the requirement of record references found in Rule 1:15 (2) and refers frequently and indiscriminately to portions of the transcript of evidence before the master (see fn. 2, this opinion) as if statements of witnesses appearing therein were facts actually found by the master. A portion of the brief supposed to be devoted to "[t]he argument" (Rule 1:15 [1 (d)]) is addressed to matters not within the scope of the report (see fn. 1). Certain principles of substantive law which are discussed would appear to be of no material

---

[5] We need not consider the situation which might have been presented if the judge had chosen to act under G. L. c. 214, § 31, as then in effect (see now G. L. c. 214, § 31A, as appearing in St. 1972, c. 740, § 6). See *Remington Arms Co. Inc.* v. *Lechmere Tire & Sales Co.* 339 Mass. 131, 132.

significance unless we were mistakenly to accept as facts matters which were not found to be such by the master and which appear only in the form of testimony which the master was not obliged to believe or in the form of offers of proof made following exclusions of testimony. In view of the disposition we make of the case under point 1 of this opinion we find it unnecessary to decide whether the report should be dismissed for this defendant's failure to file an acceptable brief. See *Carangias* v. *Market Men's Relief Assoc.* 293 Mass. 284, 285; *Soscia* v. *Soscia,* 310 Mass. 418.

3. Because this case involves a report, as opposed to an appeal or a bill of exceptions, we can take no action under G. L. c. 211A, § 15.

The report is discharged and the case remanded to the Superior Court for further proceedings (including the entry of a final decree) not inconsistent with this opinion. The plaintiff is to have single costs under G. L. c. 261, § 25, within the limitations imposed by Rule 1:14 of the Appeals Court.

*So ordered.*