THE HEARST CORPORATION *vs.* A. WALK, INC., & another. October 8, 1981. It is a trade practice in the publishing business that wholesalers may receive full credit for unsold books and magazines by tearing off the covers and sending them back to the publisher. This avoids adding shipping and storage expense to the cost of printed matter which the reading public, demonstrably, is not burning to read. Having received credit for the "returned" material, the wholesaler is supposed to destroy the coverless books and magazines or dispose of them to wastepaper dealers. The plaintiff's complaint says the defendants are selling at bargain rates (e.g., four for one dollar) books published by the plaintiff from which the covers have been stripped and returned to the plaintiff. The complaint charges that the defendants have induced wholesale distributors in Massachusetts to violate their contractual obligations; it also asserts causes of action for breach of contract and fraud against the distributors, whose names are unknown but which the plaintiff hopes to discover. Similarly, there is a cause of action against unknown waste paper dealers who wasted not.

Hearst (the plaintiff) deposed the defendant Lazarus, the principal officer of the defendant A. Walk, Inc. (Walk), in order to discover the names of those who were supplying Walk with stripped paperbacks and magazines. Lazarus resisted questioning leading to that information and Hearst moved to compel discovery. Meanwhile the defendants pressed for a hearing on a motion for summary judgment which they had filed. Hearst moved to postpone such a hearing until the defendants made discovery. The defendants opposed Hearst's motions on the disarmingly candid ground that if their sources of coverless material were revealed, business would surely suffer. The trial judge allowed the motion to compel discovery and to postpone the summary judgment hearing, finding that the information sought was relevant to Hearst's claim and that its pursuit by the plaintiff would not be unduly burdensome to the defendants. He then reported his action under Mass.R.Civ.P. 64, 365 Mass. 831 (1974), posing two questions: 1) Is the plaintiff entitled, through discovery, to the identity of Walk's suppliers of coverless paperbacks published by Hearst? 2) Was the stay of a hearing on Walk's motion for par-

tial summary judgment "proper under the circumstances?" The answers to both questions are, "Yes." Who supplied the contraband books (if such they were) to Walk was obviously relevant to the plaintiff's case. Mass.R.Civ.P. 26(b)(1), 365 Mass. 773 (1974). *Hercules Powder Co.* v. *Rohm & Haas Co.*, 3 F.R.D. 302, 304 (D.C. Del. 1943). Smith & Zobel, Rules Practice § 26.3 (1975). That the party deposed may suffer detriment through discovery does not foreclose the discovery. See *Matter of Roche*, 381 Mass. 624, 636-638 (1980); *Civil Aeronautics Bd. of Civil Aeronautics Authy.* v. *Canadian Colonial Airways*, 41 F.Supp. 1006, 1009 (S.D. N.Y. 1940). In the instant case the judge found that the discovery sought would not impose an undue burden and expressly refused a protective order. See Mass.R.Civ.P. 26(c), 365 Mass. 775 (1974).

This case illustrates a lamentable tendency by some judges to report questions of law which come up during the course of proceedings in the trial court, but which are not dispositive of the case. The power conferred upon a trial judge by the present G. L. c. 231, § 111, which is incorporated in Mass.R.Civ.P. 64, to report interlocutory findings or orders should be used sparingly and, generally, only when an opinion by an appellate court on the reported question will, as a practical matter, resolve the dispute, or, at the least, is "likely to be material in the ultimate decision." *John Gilbert Jr. Co.* v. *C.M. Fauci Co.*, 309 Mass. 271, 273 (1941). *Angoff* v. *Angoff*, 1 Mass. App. Ct. 112, 115 (1973). See *Murphy* v. *Boston, Clinton & Fitchburg R.R.*, 110 Mass. 465, 466 (1872). A report is particularly inappropriate to questions which involve the exercise of discretion, e.g., as here, the scope of discovery and the scheduling of proceedings. *Noble* v. *Boston*, 111 Mass. 485, 486-487 (1873). *Bendslev* v. *Commissioner of Pub. Safety*, 328 Mass. 443, 444-445 (1952). *Vautier,petitioner*, 340 Mass. 341, 344 (1960). See the analogous procedure authorizing reports from the Probate Court under G. L. c. 215, § 13. *Paquette* v. *Koscotas, ante* 52, 55 (1981). The net result of reports of nondecisive questions is a substantial extension of the time required to resolve a case which, as here, may have been the purpose of the lawyers who urged the report.

The questions reported, as we have said, are both answered, "Yes." The appellee is to recover its costs in connection with this appeal.

*So ordered.*

The case was submitted on briefs.

*Daniel L. Goldberg, Joseph L. Kociubes & Marianne Gilleran* for the defendants.

*Gerald May, Sr.*, for the plaintiff.