MARY E. LANE *vs.* J. W. LAVERY & SON, INC., & others.
MARY E. LANE, administratrix, *vs.* SAME.

Suffolk.    February 6, 1934. — April 9, 1936.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Equity Pleading and Practice,* Amendment, Striking out of pleadings, Framing of decree by Supreme Judicial Court, Report. *Superior Court.*

After a judge of the Superior Court, who had heard a suit in equity upon the pleadings and the report of a master, had suggested to the plaintiff certain amendments to his bill which would make it conform to a certain fact found by the master not averred in the original bill and would give him additional relief based on that fact, an order allowing that amendment was made by another judge which also in terms permitted the defendant "to file pleadings thereto," and that order was construed by this court as allowing the defendant to plead only to any additional matter in the amended bill which might be beyond the fact alluded to by the first judge; the defendant could not plead anew as of right to averments in the amended bill which were within the scope of the order of the first judge; the trial court had power to strike out pleadings by the defendant which were not filed as of right; and the defendant was not entitled to further hearing on proper averments in the amended bill.

While all the judges of the Superior Court have equal power in dealing with matters that come before them for hearing, the orderly adminis-

tration of justice requires that a second judge, in acting upon a case which in some stage previously has been heard by another judge, shall not ignore duly considered acts of the first judge. Per DONAHUE, J.

A court in a proper case may strike out pleadings filed by consent of opposing counsel.

The power of a judge of the Superior Court to strike out immaterial pleadings is inherent and not derived from Rule 24 of the Superior Court (1932).

Upon a report by a judge of the Superior Court under G. L. (Ter. Ed.) c. 231, § 111, of certain interlocutory matters relating to pleadings filed by the defendant in a suit in equity upon the allowance of an amendment to the bill after there had been a final hearing by a master and by the judge on the pleadings and the master's report, but not on the form or content of the final decree, this court, having ruled upon the interlocutory matters reported, refused to order entered a final decree framed by it and ordered the suit to be further considered by the Superior Court respecting the final decree.

Two BILLS IN EQUITY, filed in the Superior Court on February 1, 1932.

These bills were described by the master in his report as follows: "one brought by the plaintiff in her capacity as administratrix of the estate of her father, John W. Lavery, seeking an accounting from J. W. Lavery & Son, Inc., and its treasurer, Annie M. Lavery, for moneys which it is alleged her said father was entitled to during his lifetime but was deprived of through certain alleged false and fraudulent practices on the part of said Annie M. Lavery, the other brought by the plaintiff individually as the sole heir at law of said John W. Lavery and a stockholder in the defendant corporation for an accounting by said Annie M. Lavery to the corporation for moneys improperly withdrawn and expended by her as its treasurer."

After a hearing upon the pleadings and a report of a master, and the filing of amendments to the bills and further pleadings by the defendants, *Greenhalge, J.*, reported to this court for determination under G. L. (Ter. Ed.) c. 231, § 111, certain interlocutory matters relating to such pleadings.

*J. F. Cronan*, (*W. J. McCarty* with him,) for the plaintiff.

*W. P. Kelley* & *E. Donovan*, for the defendants, submitted a brief.

DONAHUE, J. These are two bills in equity, in the first of which the plaintiff sought to recover as a stockholder

on behalf of the defendant corporation certain sums of money alleged to have been taken or withheld wrongfully from the funds of the corporation by the defendant Lavery who was its treasurer, and, in the second, to recover from the defendant Lavery certain sums of money alleged to be due her intestate.

The cases were tried together before a master and were then heard on the master's report before a judge of the Superior Court who entered interlocutory decrees overruling the defendants' exceptions to the master's report and confirming the report. The defendants appealed from these interlocutory decrees.

The judge filed a "Statement of Findings, Rulings and Order for Final Decrees." He therein ruled that the plaintiff might maintain her bills and was entitled to such measure of relief as they afforded, but suggested that, in view of the master's findings, more complete and satisfactory relief might be available to the plaintiff if she amended her bills or either of them and sought not only the sums alleged to be due her intestate but also property of which the master found her intestate had been defrauded in the organization of a corporation and the transfer of assets to it. Accordingly the order entered provided that unless the bills were amended within sixty days a final decree should be entered in the first case requiring the defendant Lavery to pay to the corporation within some reasonable time the sum of $77,023.87 with interest, and that a final decree should be entered in the second case requiring the defendant Lavery to pay the plaintiff administratrix within a reasonable time the sum of $3,180.75 and also requiring the delivery to her of a single share of stock standing in the name of another defendant.

The plaintiff within the time stated in the order for final decrees filed a motion in the case which she had brought as administratrix asking that she be permitted to amend the bill by making herself as an individual a party plaintiff and by substituting for the bill originally filed an amended bill of complaint filed with the motion. In the case brought by the plaintiff as an individual she filed a motion for

leave to amend the bill by substituting an amended bill of complaint filed therewith. These motions were heard by another judge of the Superior Court. On the motion filed in the case originally brought by the plaintiff as administratrix the second judge entered the order: "Allowed by the Court and defendant granted leave to file pleadings thereto" on or before a day stated. On the motion in the other case he entered the order: ". . . allowed by the Court defendants not objecting thereto. Defendants allowed to and including . . . [a day stated] to file pleadings." On the day stated the defendants filed in the case brought by the plaintiff as administratrix an answer to the plaintiff's amended bill. In the other case they filed a plea, a demurrer and an answer to the plaintiff's amended bill.

The plaintiff thereupon filed motions to strike out the defendants' answers to the amended bills and motions to dismiss the defendants' plea and demurrer. The cases then came again before the first judge "upon the demurrers and answers so filed and upon the plaintiff's motions to strike out such demurrers and answers and for final decrees."

The judge, acting under the authority of the second sentence of § 111 of G. L. (Ter. Ed.) c. 231, here reports for the determination of this court two matters: first, his action in denying the plaintiff's motions to strike out the answers and demurrer filed by the defendants, and second, the question whether the defendants are entitled to a further hearing on the facts. The report states that he was in doubt whether he had the power or authority to strike out the demurrer and answers and to enter final decrees and that "accordingly" he denied the motions. The report further states: "While I am myself satisfied that the issues covered by the amended bills have been fully heard by the master, it does not appear that these bills were allowed to be filed by reason of any ascertainment of that fact by the court or for the purpose of making the allegations of the bills conform to the facts found by the master or of affording the relief to which the plaintiff in the

one or the other capacity in which she sues might be entitled. Moreover the court expressly permitted the demurrers and answers to be filed . . . Believing, however, that the facts have been fully ascertained in respect of the matters alleged in the amended bills and that upon proper allegations being made, full and adequate relief may be afforded to the plaintiff without the further delay and expense necessarily involved in a second reference, and being of opinion that the order denying the motions to strike out so affects the merits of the controversy that the matter ought before further proceedings to be determined by the Full Court, I report my action thereon and the question whether the defendants are entitled to further hearing upon the facts . . . ."

From the report it is apparent that the judge denied the plaintiff's motions to strike out pleadings filed by the defendants to the plaintiff's amended bills solely because he doubted his power and authority to allow them. His doubt was due to the fact that since the time when he had heard the cases they had come before a second judge who, in allowing the plaintiff's motions to amend, granted leave to the defendants to file pleadings thereto.

The cases when originally before the first judge were heard not merely on interlocutory matters but for the determination of the ultimate step to be taken by the Superior Court on all bills in equity, that is, the entry of proper final decrees. With that purpose he considered the cases and reached in his mind and expressed in the order for final decrees which he filed, his conclusions. For one thing he found that the plaintiff was entitled to maintain the bills as they then read and was entitled to the limited relief which the allegations and prayers of the bills then permitted. But he also reached and expressed in his order a further conclusion, namely, that a fact found by the master might entitle the plaintiff to further relief if the bills should be so amended as to include such relief. The fact referred to was fraud by the defendant Lavery which was perpetrated on the plaintiff's intestate in the organization of the corporation and the transfer to it of partnership assets.

That act of fraud was not known to the plaintiff when her bills were filed. Evidence of it appeared during the hearings before the master, who by his findings established the fact of fraud. In his order for final decrees the judge suggested an amendment to the bills, manifestly to make the plaintiff's pleadings correspond to the proof. *Shelley* v. *Smith,* 271 Mass. 106, 113. *Pizer* v. *Hunt,* 250 Mass. 498, 504–505. By that order the plaintiff was given the choice of taking the limited relief which her bills then afforded or of seeking an amendment which would permit her to obtain relief for the specific fraud established by the master's report as above stated. The plaintiff followed this suggestion as to amending and her motions for leave to amend the bills came on to be heard before the second judge. It must be assumed that the second judge then had before him the order giving the plaintiff the opportunity to apply for an amendment and referring to the fact of the fraud found by the master. The plaintiff was given by the order not an opportunity to move for any amendment she saw fit, but merely an opportunity to make application for an amendment which would permit relief based on the single specific fact of fraud in the organization of the corporation and the transfer to it of the partnership assets. This limitation on the permission given by the first judge, who had the power to impose it, was of course manifest to the second judge when he heard the motions to amend.

The various proceedings on which hearings may be had in the progress of a bill in equity from its filing to the entry of a final decree frequently are heard by more than one judge, due to the changing assignments of judges from one court or one county to another and to other reasons. All the judges have equal power, but the orderly administration of justice requires that a judge in acting in a case shall not ignore duly considered preceding acts by other judges in the same case. *Second National Bank of Malden* v. *Leary,* 284 Mass. 321. *Barringer* v. *Northridge,* 266 Mass. 315. It is not here to be assumed, and there is in the record nothing to indicate, that the second judge intended to do or did anything more than permit an amendment of the

limited character suggested by the first judge. A critical comparison of the first bills with the amended bills presented by the plaintiff indicates no substantial difference except in the one matter of fraud in the organization of the corporation. The allowance of the motions to amend was consistent with conformance to the purpose of the first judge. The defendants were permitted to file pleadings but this is consistent with the intention to permit the defendants thereby to attack any amendments which did more than plead the fraud in the matter of the organization of the corporation.

It appears in the report that the amended bills were allowed upon the agreement of the parties. No such agreement appears in the orders made by the second judge allowing the amendments. The order made on the motion to amend in the case which the plaintiff brought as an individual states: "allowed . . . defendants not objecting." No such statement appears in the order made in the other case. The record of the proceedings before either judge does not disclose evidence of an agreement of counsel. But assuming that there was evidence of such an agreement presented to the first judge at the time of the second hearing before him it does not appear that the agreement went any further than to permit pleadings to matters in the amended bills which the defendants might show went beyond the allegations of the fraud in the matter of the organization of the corporation and the transfer to it of assets of the plaintiff's intestate. In any event an agreement of counsel as to pleadings would not prevent the first judge, when the cases again came before him, in the exercise of his discretion striking them out if he were otherwise justified in so doing. *Murray* v. *Rossmeisl*, 284 Mass. 263, 267.

The action of the second judge was on an interlocutory matter arising out of the action of the first judge in passing upon the matter of the entry of a final decree. There is nothing in the record to warrant the assumption that the second judge in entering his orders allowing the amendments was doing anything more than what the first judge suggested.

When the cases came again before the judge who made the report, he was free to act on the assumption that the amendment of the bills was allowed for the purpose which he had indicated, that is, making the pleadings conform to facts found by the master. The fact that the second judge made no statement of the ground on which he allowed the amended bills has in the circumstances no contrary significance. That is consistent with the conclusion that he did not intend to thwart the manifested purpose of the first judge which was to permit an amendment to the bills which would do no more than add thereto allegations of the fraud found by the master.

As to the first matter here reported the first judge when the cases again came before him had authority to deal with them on the theory that the bills had been amended only to the limited extent he had permitted. Having found that the issues covered by the amended bills had been fully heard and determined, the first judge had the right to strike out the pleadings filed by the defendants which were not necessary for the proper protection of the defendants. The authority of a court to eliminate irrelevant pleadings is not limited to the authority of Rule 24 of the Superior Court (1932) which deals only with redundant, impertinent or scandalous pleadings. The power to strike out pleadings irrelevant to an issue before the court in order that a fair trial may be had or that justice be done existed before the adoption of that rule, *Gardner* v. *Webber*, 17 Pick. 407, *Chaves* v. *Weeks*, 242 Mass. 156, *Des Brisay* v. *Foss*, 264 Mass. 102, *Calnan* v. *Guaranty Security Corp.* 271 Mass. 533, and still exists.

As to the second question reported, that is, whether the defendants are entitled to a further hearing on the facts, it is plain that they are not so entitled. The first judge has found that "the issues covered by the amended bills have been fully heard by the master" and that "the facts have been fully ascertained in respect of the matters alleged in the amended bills." No party is entitled to more than one full trial on the merits of a case.

The plaintiff asks that this court direct the entry in each case of a final decree in her favor. The case is reported under

the authority of that portion of § 111 of G. L. (Ter. Ed.) c. 231, which authorized a report of a case when the trial judge is "of opinion that an interlocutory finding or order made by him ought to be determined by the full court before any further proceedings in the trial court." The report states that the cases were before the reporting judge "upon the demurrers and answers . . . and upon the plaintiff's motions to strike out such demurrers and answers and for final decrees." But he did not pass upon the question of the form or content of the final decrees. The reason for reporting the cases was his doubt as to authority to strike out the defendants' pleadings and enter such decrees. It does not appear that the parties were heard by him as to final decrees and that matter has not been argued here by the defendants. In these circumstances the situation presented is, we think, not one where this court should direct the entry of final decrees framed by it.

The judge has found that "the facts have been fully ascertained in respect of the matters alleged in the amended bills and that upon proper allegations being made, full and adequate relief may be afforded to the plaintiff without the further delay and expense necessarily involved in a second reference." An examination of the master's findings and amended bills satisfies us that this finding was warranted. The allegations of the amended bills are adequate to permit the giving of such relief. The judge denied the plaintiff's motions to strike out the defendants' amended pleadings because of doubt as to his authority to do otherwise. We here hold that he had authority to strike out the pleadings as filed.

The cases are remanded to the Superior Court for further proceedings, not inconsistent with what is said in this opinion, disposing of the plaintiff's motions to strike out the defendants' amended pleadings and entering final decrees.

*Ordered accordingly.*