JAMES H. DRURY *vs.* CLARA D. HARTIGAN.

Middlesex.    December 9, 1942. — December 10, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice*, Amendment; Rehearing.

On appeal from a final decree, entered in a suit in equity after rescript
from this court and following allowance of amendments to include in
the pleadings an issue covered in the original final decree, no error
appeared in a refusal of a further hearing on that issue following the
amendments, it not appearing that there had not been a full hearing
thereon previous to the original final decree.

BILL IN EQUITY, filed in the Superior Court on October
15, 1941.

The defendant appealed from the final decree after rescript
described in the opinion, entered by order of *Morton, J.*

*B. Ginsburg,* for the defendant.

*J. G. Bryer,* for the plaintiff.

FIELD, C.J.    This suit in equity was brought in the Su-
perior Court.    The pleadings consisted of a bill in equity,
and an answer by the defendant including a counterclaim.
The plaintiff sought by his bill a decree that certain notes
given by the plaintiff to the defendant be delivered up for
cancellation.    The defendant sought by her counterclaim
to recover the balance due upon these notes.    The case was
referred to a master.    His report was confirmed by an inter-
locutory decree.    And a final decree was entered ordering
the notes delivered up for cancellation, two of them on the
ground that the notes were "outlawed" and the plaintiff
was no longer liable thereon, and the third on the ground
that it was given "without consideration other than love
and affection" and the plaintiff was "not obligated to pay"
it.    The defendant appealed to this court from the inter-
locutory decree and from the final decree.    The case in this
court is reported as *Drury* v. *Hartigan, ante,* 175.    The order
of this court, embodied in the rescript, was: "Interlocutory

decree affirmed. Final decree reversed. If within sixty days after rescript one or more amendments shall have been allowed, further proceedings not inconsistent with the opinion are to be had in the Superior Court under the amended pleadings. If no amendment is allowed a final decree is to be entered in accordance with the opinion denying relief to the plaintiff with respect to the first two notes and granting recovery on those notes to the defendant on her counterclaim, and granting relief to the plaintiff with respect to the third or $15,000 note."

This court in its opinion stated: "According to the findings of the master the notes in the hands of the defendant are unenforceable against the plaintiff but nevertheless constitute a continuing threat of a law suit against him or against his estate after his decease, and a decree for their cancellation might be proper. . . . But as to the first two notes the decree that has been entered is incorrect in the present state of the pleadings. The plaintiff has not set up the bar of the statute of limitations as a ground of relief against the notes, either in the form of appropriate allegations in his bill or as a defence to the defendant's counterclaim. Relief in equity cannot go beyond the scope of the bill. . . . Moreover, on the allegations of the bill, admitted by the answer, the first two notes were under seal when delivered and would not outlaw for twenty years. . . . The master's findings that he was 'not satisfied' that there were seals upon these notes when they were given were without effect in view of the pleadings. The decree was right as to the third note. Affection for a person and the desire to make a provision for him are not valid consideration for a promissory note or other executory contract. . . . The findings of the master are such as to suggest that justice may require amendments to the pleadings." *Drury* v. *Hartigan, ante,* 175, 177–178. See *Abbott* v. *Bean,* 295 Mass. 268, 274.

The case came on to be heard in the Superior Court after rescript. An amendment to the bill in equity was allowed by which an allegation was added thereto that neither of the first two notes referred to in the bill bore a seal, that the defendant's cause of action "did not accrue within six

years next prior to the date of the filing of the plaintiff's bill in equity" and that "recovery on said notes is barred by the statute of limitations," and the plaintiff was permitted to file an answer to the defendant's counterclaim in which the plaintiff alleged that no seal was attached to either of the first two notes referred to in the bill in equity, and set up the statute of limitations against recovery on said notes substantially as in the amendment to the plaintiff's bill in equity. Thereupon a final decree after rescript was entered stating that the "case came on to be heard after rescript from the Supreme Judicial Court and after certain amendments to the pleadings had been allowed," and that "after hearing and argument of counsel and after denial of the defendant's request for further hearings on the issue of the statute of limitations it is ordered, adjudged, and decreed" as therein set forth, such orders being the same as those made in the original final decree, except for a change in the amount of costs. The defendant appealed from the decree after rescript.

It is not contended that either the amendment to the bill or the filing of the answer to the counterclaim was not properly allowed. The defendant's contention is that the denial of her request for further hearing on the issue of the statute of limitations was error.

This contention cannot be sustained. It has long been settled that, after a case has been tried, amendments to the pleadings may be allowed to "enable the plaintiff to sustain the action for the cause for which it was intended to be brought," G. L. (Ter. Ed.) c. 231, § 51 — a matter upon which no question is here raised — for the purpose of making the pleadings conform to the proof and avoiding a new trial when the issues raised by the amendments have been fully tried. *Pizer* v. *Hunt*, 253 Mass. 321, 330–332. This principle is applicable to suits in equity. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 277–278. The final decree after rescript in the present case imports a finding that the case has been fully tried. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354–355. And there is nothing in the record to show that this finding was

wrong. Indeed, it is supported by the master's report which was confirmed by decree of the Superior Court, affirmed on appeal by this court. See *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 278; *Lane* v. *J. W. Lavery & Son, Inc.* 294 Mass. 288, 296. There is no merit in the defendant's contention that the case could not have been fully tried before the master for the reason that the issues later raised by the amendments were not properly before him on the pleadings as they then stood. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 277. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 54. *Hushion* v. *McBride*, 296 Mass. 4, 8. If this contention were sound, the purpose of proof-conforming amendments would be wholly frustrated. The record of the case does not show that there was any objection to trying these issues before the master.

There was no suggestion in the prior opinion of the court that there was error in the final decree then under consideration apart from the fact that it was not within the scope of the bill. The decree after rescript is substantially the same as the decree originally appealed from. The fault in the original final decree pointed out in the earlier opinion has been corrected — properly as we hold. The final decree after rescript is not now attacked on any ground other than the ground that the decree should not have been entered without further hearing — a matter already considered in this opinion.

*Decree affirmed with costs.*