NET REALTY HOLDING TRUST *vs.* JUDITH DALY. July 7, 1982. 1. The trial judge's findings that a representative of the plaintiff misrepresented that the sewerage system was adequate for the defendant's needs in operating a food shop and that the defendant reasonably relied on this misrepresentation were not clearly erroneous. There was evidence that the plaintiff knew that: the defendant needed a permit to operate her food shop; sewage from the demised premises had backed up into other stores; another tenant had been refused an occupancy permit because of the inadequate system; and renovations would be required to correct the problem. In these circumstances the judge was not required to accept the plaintiff's statements as limited to a representation that sewage did not back up into the particular premises the defendant intended to rent.

2. The plaintiff cannot complain of the exclusion of evidence as to the amount the defendant received for selling her equipment after vacating the premises. The evidence was excluded at the plaintiff's behest.

3. There was no error in the allowance of the counterclaim as to deceit. Even though the counterclaim had previously been dismissed by

another judge, it was within the second judge's discretion to allow it. The previous dismissal was not a bar. See *Peterson* v. *Hopson*, 306 Mass. 597, 603-604 (1940); *Coolidge Bank & Tr. Co.* v. *First Ipswich Co.*, 11 Mass. App. Ct. 923, 924 (1981).

4. We have examined the plaintiff's other claims and consider them without merit.

5. The defendant's cross appeal is also without merit. She made no objection to the dismissal of the G. L. c. 93A claim, and the judge was not required to reinstate the claim pursuant to the defendant's motion under Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974).

*Judgment affirmed.*

*Edward W. Valanzola* (*Louis C. Zicht* with him) for the plaintiff.
*Patricia A. Bobba* for the defendant.