FRANCIS DOLAN *vs.* MARIANNE DIERKS VON ZWECK. April 26, 1985. *Libel and Slander. Res Judicata.*

Dr. Von Zweck, a psychiatrist, formerly had as patients Christine Dolan, Dolan's late wife, and three of the Dolan children. Dolan in this complaint against Dr. Von Zweck alleged that on September 17, 1981, she had defamed him in a letter about her proposed expert testimony in a child custody case then pending before a Probate Court. The letter was sent only to Mr. Jerome E. Falbo, the attorney for an aunt of the Dolan children (the sister of Dolan's late wife), who was applying for guardianship of the children.

Dr. Von Zweck had prepared the letter and an earlier draft without ever meeting Dolan. In her affidavit in support of a motion for summary judgment, she stated her services as psychiatrist for members of the Dolan family and indicated that she felt qualified to give an expert opinion as to the best interests of those children and the capacities of their father to care for them. The affidavit mentioned that she wrote the opinion letter "as a professional child psychiatrist to be used . . . only for the purpose of the Dolan child custody case."

The letter was sent to Mr. Falbo when Dr. Von Zweck was planning to visit Germany for a period, with the possible consequence that she might be unavailable to testify in person. Language in the letter, in other than the setting of litigation (or privileged preparation for litigation), could be found to be defamatory.

The only comment on Dr. Von Zweck's letter in the material before the trial judge, which clearly had relation to the child custody proceeding, was that of a psychiatrist, consulted by Dolan's attorney. That psychiatrist, in a five-page letter to Dolan's attorney dated December 17, 1981, included the following paragraph, "It is not my custom to speak against another doctor, but . . . I disagree with the tone of the report which seems to be very emotional, and with the totality of Dr. Von Zweck's estimate of . . . Dolan without ever having been able to see him personally." This statement falls far short of charging irrelevance to the pending proceeding. See discussion in *Hoar* v. *Wood*, 3 Met. 193, 197-198 (1841).

A motion for summary judgment on the original complaint was denied by one judge. When the case was called for trial, despite the circumstance that the earlier similar motion had been denied, a renewed motion was allowed by another judge. Dolan has appealed from the judgment entered following the allowance of the motion.

An "absolute privilege applies to defamatory statements made 'in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.'" *Sullivan* v. *Birmingham,* 11 Mass. App. Ct. 359, 361 (1981). The subject has been discussed recently, with a comprehensive citation of authorities, in *Sriberg* v. *Raymond*, 370 Mass. 105, 109 (1976), and the *Sullivan* case at 361-365. See Restatement (Second) of Torts §§ 586, 587, 588 (1977). See also *Adams* v. *Peck,* 288 Md. 1, 3-9 (1980, involving facts close to those in the present case); *Watson* v. *M'Ewan*, [1905] A.C. 480, 485-489 [H.L.]. The immunity rule rests upon policy considerations, which obviously should be applied to permit the utmost freedom of testimony in the important area of child custody disputes. Nothing in this record shows any conduct with respect to Dr. Von Zweck's letter which went outside the scope of the absolute privilege, as, for example, excessive distribution of the letter.

Dolan has not claimed or argued any appeal from the judgment entered after a verdict for Dr. Von Zweck had been directed at trial of a count for

slander set out in an amendment to his complaint. That claim of slander was distinct from the written statement here considered.

The judge also was not barred from hearing Dr. Von Zweck's renewed motion for summary judgment by any principle of res judicata because of the denial by another judge of an earlier motion by Dr. Von Zweck for summary judgment. On that denial no final judgment was entered. An order merely denying a motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), does not amount to a final judgment and may be modified or changed at any time prior to final judgment. See *Peterson* v. *Hopson*, 306 Mass. 597, 600-605 (1940); *Net Realty Holding Trust* v. *Daly*, 14 Mass. App. Ct. 934, 935 (1982); *Travelers Indem. Co.* v. *Erickson's Inc.*, 396 F.2d 134, 136 (5th Cir. 1968); 10A Wright & Miller, Federal Practice and Procedure § 2734, at 407-411 (1983); Smith & Zobel, Rules Practice, § 56.9, and authorities cited (1977). See also *Serody* v. *Serody*, *ante* 411, 412 (1985); Restatement (Second) of Judgments, § 13 and comments a and b (1982).

*Judgment affirmed.*

*John Cavicchi* for the plaintiff.
*William J. Davenport* for the defendant.