Doyle, P.J.
This is an action in tort in which the plaintiff seeks damages for the permanent loss of vision in his right eye which resulted from his use of an allegedly defective product manufactured by the defendant.
The plaintiffs complaint was filed on June 20, 1983. The defendant submitted interrogatories to be answered by the plaintiff on October 25, 1983. A Dist./Mun. Cts. R. Civ. P., Rule 33(a) application for final dismissal was filed by the defendant on December 19, 1983. Three arguments to extend time for the plaintiff to answer interrogatories were thereafter filed hy the parties. The expiration date of the third and last extension period was April 11, 1984. No answers to interrogatories were submitted by the plaintiff.
On April 27, 1984, the defendant filed a re-application for final dismissal pursuant to Rule 33(a).
On December 13, 1984, the plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 60 (b) (1) motion for relief from judgment. Said motion was denied; and no request for a report challenging this order was filed by the plaintiff.
On March 19, 1985, the plaintiff filed a Motion for Reconsideration of’ the denial of his motion for relief from judgment. This motion was not presented to the first judge who had entertained and denied the plaintiff s Rule 60 motion, but was instead argued before a second judge who presided in the motion session of the trial court on the day in question. The second judge conducted a full hearing on the merits and ultimately denied the plaintiffs motion for reconsideration of the first judge’s Rule 60 disposition.
The plaintiff now claims to be aggrieved by the second judge’s denial of his reconsideration motion and by the refusal of the second judge to rule on requests for findings of fact submitted in conjunction with said motion.
1. Rule 58 (a) of the Dist./Mun. Cts. R. Civ. P. states, in relevant part, “Every judgment shall be set forth on a separate document. . . .A judgment is effective only when so set forth . . . and when entered as provided in Rule 79(a).”
An examination of the docket in this case, as suggested by the plaintiffs written arguments, renders it clear that the trial court clerk failed to date and enter chronologically, in accordance with Rule 79 (a), a final *11 dismissal of this action.[1] See Abbott v. John Hancock Mut. Life Ins. Co., 18 Mass. App. Ct. 508, 511 n.5 (1984). Both the separate document and chronological entry requirements of Rules 58(a) and 79(a) must be ' satisfied to render a judgment “effective” so as to provide a basis for an appeal. Levy v. Bendetson, 6 Mass. App. Ct. 558, 561 (1968). In the absence of such an effective judgment herein, we are compelled to dismiss this appeal as premature. Tisei v. Building Inspec. of Marlborough, 5 Mass. App. Ct. 328, 330 (1977). See also, Zoning Brd. of App. of Greenfield v. Housing App. Comm., 15 Mass. App. Ct. 553, 555 (1983); Salley, Pet., 11 Mass. App. Ct. 40 (1980); Continental Bronze Co. v. Salvo & Armstrong Steel Co., 8 Mass. App. Ct. 799, 800 (1979); Swift & Co. v. Superior Pet Products, 5 Mass. App. Ct. 904 (1977).
In entering this dismissal, we remain cognizant that insistence upon compliance with these procedural rules may in some cases appear unfairly “to prevent the parties’ exercise of their post trial and appellate ■rights on the basis of clerical niceties . . . especially . . . where the parties have little, if any, control over the manner in which clerks perform their duties.” Lewis v. Emerson, 391 Mass. 517, 520 (1984). An intermediate appellate court is not at liberty, however, to disregard or rewrite those rules which govern practice before it and before a trial court. Nor are we so inclined. A common sense prerequisite to the exercise of appellate jurisdiction is the completion of proceedings in the trial court. The separate document and docket entry requirements of Rules 58 (a) and 79 (a) are designed to identify such completion and thus “to clarify the time from which post judgment action shall be commenced.” Lewis v. Emerson, 391 Mass. at 519. Questions as to entry of judgment are particularly critical in cases such as the one sub judice where no trial on the merits of the parties’ controversy has ever been held. In this case, final judgment would have been a function of nothing more than procedural rules in the . form of the parties’ adherence to, or disregard of, Rule 33 discovery time ' periods and the clerk’s notation of the expiration thereof.
2. The absence of an entry of any judgment herein logically dictates that the plaintiffs efforts to secure relief from a judgment by means of a Rule 60 (b) (1) motion and a motion for reconsideration were premature and inappropriate. Given the prejudgment and pre-trial posture of this case, it is to be anticipated that both parties will pursue on remand divergent avenues for final dismissal or additional time pursuant to Rule 33 (a). See, generally, Commonwealth v. One Thousand Three Hundred and Forty Dollars, 16 Mass. App. Ct. 950 (1983); Koonce v. Aldo Realty Trust, 8 Mass. App. Ct. 199 (1979); Boston v. Boston Police Patrolman’s Assoc., Inc., 8 Mass. App. Ct. 220, 221 (1979); Harrow v. Board of App. of Pittsfield, 7 Mass. App. Ct. 937 (1979).
A dismissal predicated on the defendant’s Rule 33 re-application of April 27, 1984 is not necessarily required on remand. We note in this regard that the trial justice may still enjoy some latitude in fashioning appropriate relief for one or both of the parties herein. The reason is evident from an examination of the docket and the mandatory timetable *12 of Dist./Mun. Cts. R. Civ. P., Rule 33(a). The latter provides, in relevant part:
For failure to file timely answers to interrogatories . . . the interrogating party may file a written application . . . requesting that final judgment be entered for . . . dismissal. Upon filing of such application, the clerk shall notify all parties that final judgment for . . . dismissal will be entered unless the answers be filed either within 30 days from the date of the notice or prior to the filing of a reapplication for a final judgment of dismissal. . . whichever is later (emphasis supplied).
At the expiration of 30 days from the date of the notice or such further time as the parties may agree upon in writing filed in court or the court may allow, the interrogating party may reapply in writing for entry of final judgment for relief or dismissal. If no answers are then on file the clerk shall enter an appropriate judgment. . . (emphasis supplied).
The last extension period for answers to interrogatories which was agreed to by the parties ended on April 11, 1984. It was impermissible for the defendant to reapply for dismissal until the expiration of a subsequent thirty day period. The defendant’s reapplication for dismissal of April 27, 1984 was thus premature and improperly terminated the plaintiffs right, at that time, to submit answers “within 30 days . . . or prior to the filing of a reapplication.” Plaintiffs counsel stated in oral argument that answers to interrogatories are now on filé in the trial court in conjunction with a motion to file said answers late.
3. A resolution of these competing rights and interests of the parties . should be undertaken by the first trial judge who heard and disposed of ! the plaintiffs Rule 60 (b) (1) motion for relief from judgment. Indeed, we note by way of dicta that the involvement of the second judge herein, who entertained a motion for the reconsideration of an exercise of discretion by the first judge, raises issues of established judicial administrative policy.
It is familiar law that:
“where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided. . . . After the denial of one motion, a second motion based on the same grounds need not be entertained.”
Peterson v. Hopson, 806 Mass. 597, 599-600 (1940). When faced with such a motion for reconsideration premised on the same grounds as an earlier motion, a judge is not obligated to engage in a review or rethinking of his earlier position solely because a losing party wishes him to redouble his efforts to a ruling better suited to that party’s interests. The decision to reconsider rests within the broad discretion of a trial justice. Id. See also, Old Colony Bank & Trust Co. of Middlesex County v. Tacey Transport Corp., 10 Mass. App. Ct. 825 827 (1980).
It is an equally familiar principle that as “a judge should hesitate to undo his own work. . . . Still more should he hestitate to undo the work of another judge.”
Peterson v. Hopson, 306 Mass. at 603 and cases cited. This proposition does not derive from any lack of judicial authority or power prior to final judgment to overrule, vacate or modify an interlocutory ruling made by *13 another judge in the same court. Dolan v. Von Zweck, 19 Mass. App. Ct. 1032, 1034 (1985); Boylston Housing Corp. v. O’Toole, 321 Mass. 538, 545 (1947); Net Realty Holding Trust v. Daly, 14 Mass. App. Ct. 934, 935(1982); Coolidge Bank & Trust Co. v. First Ipswich Co., 11 Mass. App. Ct. 923, 924 (1981); Genesco, Inc. v. Koufman, 11 Mass. App. Ct. 986, 990 (1981). Though there is no duty to reconsider a case or question previously decided, the power to do so remains in the court until final judgment or decree. Salter v. Scott, 363 Mass. 396, 402 (1973); Serody v. Serody, 19 Mass. App. Ct. 411, 142 (1985).
Judicious limitations on the exercise of this power to reconsider and modify interlocutory decisions made by another judge instead constitute an often salutary practice which is designed to promote the orderly administration of justice. Lane v. J.W. Lavery & Son, Inc., 294 Mass. 288, 293 (1936); I.S.K. Con of New England, Inc. v. Boston, 19 Mass. App. Ct. 327, 329-330 (1985). Such reconsideration may occasionally be warranted in “the light of subsequent events, the public interest or the interests of the parties,” Commonwealth v. Carrunchio, 20 Mass. App. Ct. 943, 944 (1985); if “the judge whose action is vacated [is] dead, or retired, or ill or engrossed in work at a remote, place,” Peterson v. Hopson, 306 Mass. at 603; or if the initial decision or ruling is tainted by error of law. Where the first judge is not unavailable and the reconsideration motion is not predicated on either an alleged error or a dispositive change in the law or parties’ circumstances, the decision of a second judge to reconsider an earlier ruling could unduly delay the progress and ultimate termination of litigation; afford an unfortunate opportunity for the parties to “judge shop;” needlessly waste judicial time and resources; or generally impair the smooth and conclusive functioning of the court system.
There would be no end of litigation if a party, defeated before one judge, were privileged to go before another judge of the same court and in the same case seek a different decision upon the same point. Such procedure . . . would tend to bring the administration of justice into contempt. The policy of the law requires that litigation be ended within a reasonable time and not be protracted at the will of either party; it condemns successive hearings of the same point once decided after a hearing not vitiated by any error ascertained according to settled practice.
Barringer v. Northridge, 266 Mass. 315 320 (1929).
4. The case is remanded for proceedings consistent with this opinion.

 A May 24, 1984 entry of the defendant’s payment of $5.00 to secure a “certificate of judgment” did not constitute compliance with Rule 79 (a) herein. Said “certificate” contains no reference, by date or otherwise, to any fina' judgment of dismissal.The fact that even thetrial court clerk did not consider the May 24, 1984 docket reference as an entry of judgment is manifested by the absence of any entry pertaining to the issuance of notice of judgment as required by Dist./Mun. Cts. R. Civ. P., Rule 77 (d).