Banks, J.
This is an action in contract brought by plaintiff Energy North Incorporated (“ENI”), a Wakefield-based wholesaler of gasoline and petroleum products, to recover a balance due on goods sold and delivered to defendant Matthew J. Gelardi who operated a gasoline service station under the name of Broadway Citgo in Everett. Defendant Elaine Gelardi, the wife of Matthew Gelardi, is co-guarantor of the three-year written contract executed by her husband and ENI on April 15,1986.
Following the termination of the parties’ business relationship in March, 1989, ENI instituted this action in the Malden Division to recover the balance due (a) for two deliveries of gasoline at the end of March and (b) for certain pumps and other equipment allegedly installed by ENI at the defendant’s sendee station, payment of which was to have been made over the course of the contract.
On September 13,1989, ENI filed twenty (20) requests for admissions which were neither contested, nor answered, by the defendants.
On November 7,1989, ENI filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summaryjudgmentwhich stated that “based on the Defendant’s admissions there are no material, issues of fact and Plaintiff is entitled to judgment as a matter of law.” Timely opposition, including a counteraffidavit of Matthew Gelardi, was filed by the defendants. In his counteraffidavit, Gelardi averred that some of the equipment for which ENI sought payment was never installed, and other equipment actually installed had been removed by ENI with no credit allowance to the defendants. ENI’s motion for summary judgment was denied, after hearing, on November 17,1989.
Trial was scheduled for September28,1990. On that date, the trial court sua sponte elected to continue the matter for its reconsideration of ENI’s summary judgment motion. On November 16,1990, the court issued an order reversing its earlier ruling and allowing ENI’s Rule 56 motion.
The matter was thereafter appealed to this Division upon a “joint report” in which both parties claim to be aggrieved by various trial court decisions and rulings.[2] The dispositive question on this appeal is, however, the propriety of the court’s allowance of plaintiff ENI’s Rule 56 motion for summary judgment
1. We note initially that there is no merit to the defendants’ argument, predicated onámisstatementofthedoctrineof ^“law of the case,” thatitwas error for the trial court *151 to reconsider sua sponte its initial denial of the plaintiffs Rule 56 motion. The decision to reconsider an interlocutory ruling rests within the broad discretion of a trial judge. Gianelli v. Vatco Industries, Inc., 1986 Mass. App. Div. 10, 12-13 and cases cited. A ruling on a summary judgment motion may thus be modified or changed at any time prior to final judgment Dolan v. Von Zweck, 19 Mass. App. Ct. 1032, 1034 (1985).
2. Although the trial court was authorized to reconsider its earlier ruling, its reversal of such ruling and ultimate allowance of ENI’s summary judgment motion was error. Rule 56(c) of the Dist/Mun. Cts. R. Civ. P. expressly provides for the allowance of summary judgment only “if the pleadings depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The specific, factual averments of defendant Matthew Gelardi’s counteraffidavit raise material issues of feet requiring a trial on at leastthatportion of plaintiff ENI’s claim which pertains to abalance due on equipment allegedly installed. As the record before us demonstrates on its face the existence of a material issue of disputed fact, summary judgment should not have been entered. See, e.g., Bedford Heating & Air Cond. Co. v. Milano, 6 Mass. App. Ct. 898 (1978).
Plaintiff ENI argues that both its Rule 56 motion and the trial court’s decision to reconsider the same were based on the defendants’ continuing failure to respond in any manner and at any stage of the proceedings to ENI’s Dist./Mun. Cts. R. Civ. P., Rule 36 requests for admissions. The consequences of a party’s failure to respond within thirty' (30) days to such requests is that the subject matter of the request is deemed automatically to be admitted and, under Rule 36(b), is taken as conclusively established for the purposes of the pending action. S. Kemble Fischer Realty Trust v. Board of Appeals, Concord, 9 Mass. App. Ct. 477, 479 n.3 (1980). The defendants herein not only failed to respond in a timely fashion to ENI’s Rule 36 requests, but also neglected to avail themselves of what has been described as “an arsenal of devices [provided in Rule 36] for relieving a party from the effect of an incontinently admitted fact or an inadequate response.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §36.10 at 402 (8 MPS1975) .[3] Plaintiff ENI thus argues that the consequences of the defendants’ Rule 36 neglect is the creation of an anomalous situation wherein the explicit averments made under oath by Matthew Gelardi in his counteraffidavit are negated or overridden by those matters now deemed conclusively established against him by his Mure to respond to requests for admissions.
Summary judgment may, of course, be properly predicated on Rule 36 admissions which resolve or eliminate all material, factual issues. Campana v. Board of Director of MHFA, 399 Mass. 492 (1987). ENI’s requests for admissions in this case do not, however, clearly establish either the absence of any genuine issue, or ENI’s entitlement to judgment for a specific amount Requests numbers 14 through 20 state:
14. Defendants have not paid for any of the equipment listed in paragraphs 11,12 or 13 above.
15. Defendants have paid for some of the equipment listed in paragraphs 11 through 13, above, but not for all of it
*152 16. There is a balance due on the equipment listed in paragraphs 11 through 13 ofTwelveThousand One Hundred FortyTwo ($12,142.91) Dollars and Ninety-One Cents.
17. There is a balance due on the equipment listed in paragraphs 11 through 13 ofTenThousand Eight Hundred Forty Four ($10,844.59) Dollars and Fifty-Nine Cents.
18. There is a balance due on the'equipment listed in paragraphs 11 through 13 in excess of Nine Thousand ($9,000.00) Dollars.
19. There is a balance due on the equipment listed in paragraphs 11 through 13 in excess of Seven Thousand ($7,000.00) Dollars.
20. There is a balance due on the equipment listed in paragraphs 11 through 13 in excess of Five Thousand ($5,000.00) Dollars.
The alternative nature of these requests is such that the admissions cannot all be taken as conclusively established.[4] The Rule 36 establishment of contradictory or inconsistent “facts” creates precisely that situation which requires a trial and which militates against the entry of summary judgment
Accordingly, the-trial court’s entry of summary judgment for plaintiff ENI and its allowance of plaintiffs Rule 56 motion are hereby vacated. The matter is returned to the Malden Division for trial. So ordered.

 The defendants charge the trial court wjth error in its: (a) reconsideration and reversal of its initial denial of ENI’s Rule 56 motion; (b) entry of summary judgment for ENI; (c) denial of defendants’ motion for reconsideration; and (d) allowance of ENI’s motion for assessment of attorneys’ fees and costs in the total amount of $3,834.65.
ENI claims to be aggrieved by the court’s (a) initial denial of its Rule 56 motion; (b) denial ofitsoppositiontoareportinthismatter; and (e) denialofitsmotionforissuanceofanexecution.

There is no merit to the defendants’ argument that their counteraffidavit filed in opposition to ENI’s Rule 56 motion constituted in some manner a response to the requests for admissions which obviated any further need to address them because ENI was put on notice that the defendants were contesting some matters. Prejudice to the party who requested the admissions is only one factor to be considered by the trial court upon a motion seeking relief from a Rule 36 admission. Further, a party who waits until trial to seek relief must himself demonstrate “manifest injustice.” See Reynolds Alum. Bldg. Products Co. v. Leonard, 395 Mass. 255, 260 (1985). The critical point in this case, however, is that the defendants never filed a specific request for relief in response to ENI’s Rule 56 motion on the date originally set for trial or at any other time.

 Even if ah effort were made to choose the alternative most favorable to the defendants, a hearing to determine damages “in excess of $5,000.00" would still be required.